Di Giovanna, J.
This is an application brought pursuant to article 78 of the Civil Practice Act for an order directing the board of education to rescind its resolution of July 22, 1954, and to refrain from making any appointments to the position of administrative assistant in high schools unless the appointees are selected from an eligible list certified by the board of examiners and directing the board of examiners to administer a competitive examination for the filling of the position of administrative assistant. Twenty-five of the candidates for license as administrative assistant have been permitted to intervene as parties in this proceeding.
As early as the year 1927 the board of education found it necessary to create the position now known as administrative assistant in high schools, and qualified teachers and first assistants (licensed chairmen of high school departments) were assigned to those positions as the needs of the services dictated. After June 26,1947, in accordance with the by-laws of the board of education then in effect, persons assigned to the position of administrative assistant were examined as to their qualifications by the board of examiners, which was also required to certify as to the merit and fitness of such candidates. Subsequently a controversy arose between the board of examiners and the board of education as to the manner in which these positions should be filled. On an agreed statement of facts the matter was submitted to the Commissioner of Education for decision and an advisory opinion was rendered by the counsel for the State Education Department, which reads in part as follows: ‘ ‘ While there is some force to the position of the board that these positions are of such a nature that they should be exempt rather than competitive, the remedy is to add them to the list of exempt positions contained in the above statute.” (Opinions, N. Y. St. Educ. Dept. Counsel, 1953, No. 81.)
Thereafter, and at the request of the board of education, the Legislature amended subdivision 10 of section 2573 of the Education Law (eff. March 23, 1954), exempting administrative assistants in high schools from the provisions of the Education Law requiring appointment from the first three persons on an *302 appropriate eligible list. The amendment (L. 1954, ch. 144) classified the position of administrative assistant in high schools as noncompetitive. The amendment reads in part as follows: “ 10. In a city having a population of one million or more, recommendations for appointment to the teaching and supervising service, except for the position of superintendent of schools, associate superintendent or assistant superintendent, or director of a special branch, principal of or teacher in a training school, or principal of a high school, or administrative assistant in a high school, or assistant administrative director, shall be from the first three persons on appropriate eligible lists prepared by the board of examiners.” The italicized words at the place indicated above represent the amendment.
On July 22, 1954, the board of education amended its by-laws to conform to the statutory amendment and to provide qualifications and requirements for license as administrative assistant in high schools. The resolution also granted permanent tenure to those previously assigned and then serving as administrative assistants. Subsequently the superintendent of schools requested the board of examiners to conduct a noncompetitive qualifying examination for license as administrative assistant in high schools. The board of examiners has since undertaken to conduct such examination and at present is in the process of holding various test parts of such examination.
Petitioner maintains that the legislative classification of the position of administrative assistant in the high schools as noncompetitive' and the board of education’s resolution granting the incumbent administrative assistants permanent tenure violate section 6 of article Y of the Constitution of the State of New York and the provisions of the Education Law.
Section 6 of article Y of the New York State Constitution reads in part as follows: ‘ ‘ Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”.
In commenting upon the purpose of section 6 of article Y of the Constitution the court in People ex rel. Sweet v. Lyman (157 N. Y. 368, 375) stated: “ The declaration of the constitution is that appointments and promotions shall be made according to merit and fitness. The obvious purpose of this provision was to declare the principle upon which promotions and appointments in the public service should be made, to recognize in that instrument the principle of the existing statutes upon the sub *303 ject, and to establish merit and fitness as the basis of such appointments and promotions in place of their being made upon partisan or political grounds. (Record Constitutional Convention, vol. 5, p. 2444; vol. 6, p. 2552, et seq.) It then declares that merit and fitness shall be ascertained by examinations, and also the extent to which they shall be thus determined. The extent to which examinations are to control is declared to be only so far as practicable. This language clearly implies that it is not entirely practicable to fully determine them in that way. It was the purpose of its framers to declare those two principles and leave their application to the direction of the legislature.” (Italics added.)
Later in People ex rel. Schau v. McWilliams (185 N. Y. 92) the court enunciated the guiding principles to be followed by our courts in determining the constitutionality of legislative or civil service classifications. There the court said (p. 99): “ But where the position is one, as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification. ’ ’
Following the People ex rel. Schau v. McWilliams case the court in Matter of Craig v. Board of Educ. (173 Misc. 969, affd. 262 App. Div. 706) held that the provisions of the Education Law, section 871-a (now § 2570) authorizing appointment of a chief attendance officer by noncompetitive examination did not violate section 6 of article V of the Constitution. There the court said (p. 982): “In the interpretation of the civil service provision of the Constitution the reasonable exercise of legislative judgment, as to the status of a high administrative position, or one involving personal confidence, is binding upon the civil service authorities. The latter will not override an act of the Legislature, which may place a certain position in the non-competitive or exempt class. Nor will the court disturb such legislative declaration unless it is in clear conflict with the constitutional mandate. If reasonable minds differ as to whether or not it is practicable to hold a competitive examination, the will of the Legislature will control.”
Equally significant is the holding in Matter of Barnett v. Fields (196 Misc. 339, affd. 276 App. Div. 903, affd. 301 N. Y. 543) to the effect that the placing of high school principals in the exempt or noncompetitive class by the Legislature did not violate the civil service article of the Constitution. There the court said (pp. 343, 344): “There is no constitutional mandate against *304 legislative classification. The Constitution provides that laws shall be made for the enforcement of its civil service section (N. Y. Const., art. V, § 6). A legislative classification of a position in the noncompetitive class will not be overruled in the absence of proof that same was clearly arbitrary and unreasonable * * *. There is reasonable basis for the classification of so highly important a supervisory position as high school principal in the noncompetitive class, and it has been found to be impracticable to fill the position competitively.”
In the present case the position classified by the Legislature as noncompetitive is the administrative assistant to high school principals, whose duties are enumerated at length in the board of education’s answer and the exhibits annexed thereto. From these papers it will be observed that the position of administrative assistant is actually that of deputy to the principal and that the assistant acts for the principal when he is absent or out of school. The Governor’s memorandum submitted in connection with this legislation quotes a communication from the board of education, which reads in part as follows: “ Counsel to the State Education Department rendered an opinion to the effect that Administrative Assistants and Assistant Administrative Directors should be appointed from eligible lists established after competitive examinations. He stated, however, as follows: ‘ While there is some force to the position of the Board that these positions are of such a nature that they should be exempt rather than competitive, the remedy is to add them to the list of exempt positions contained in the above statute. ’ Pursuant to this suggestion, the above described bill was introduced. We feel that it is meritorious because of the peculiar nature of the duties of these two positions. The High School Principal is in full charge of his school. The Administrative Assistant is assigned to him to assist him in the discharge of his many functions. It is most important that he have as his assistant a person in whom he can place complete confidence to carry out his policies and plans. It would be difficult to establish and maintain this relationship if the selection of the Administrative Assistant had to be made from an eligible list.” (Emphasis added.) (1954 N. Y. Legis. Ann., p. 381.)
Against this background it would appear that there is fair and reasonable ground for difference of opinion among the intelligent and conscientious officials of the board of examiners and the board of education of the City of New York as to the proper mode of filling the position of administrative assistant. What was said in the quoted portion of the opinion in the People *305 ex rel. Schau v. McWilliams case (185 N. Y. 92, supra) applies with equal force and effect to the classification by the Legislature of the position of administrative assistant. In these circumstances the placing of the position of administrative assistant in the noncompetitive class was a reasonable and valid exercise by the Legislature of its power to classify positions in the public service as it is authorized to do under section 6 of article V of the Constitution of the State of New York.
Petitioner also argues that the resolution of July 22, 1954, granting permanent tenure to persons previously assigned as administrative assistants is invalid since those persons were never appointed for a probationary period, as required by subdivision 1 of section 2573 of the Education Law. It is to be noted that there is no provision in section 6 of article Y of the State Constitution regarding tenure and consequently there is no proscription in this article against the granting of permanent tenure to those persons previously assigned to the position of administrative assistant, who at the time the resolution granting tenure was adopted, were serving in such position. The resolution was a recognition by the board of education that the incumbents had been doing a satisfactory job as administrative assistant for many years, and so far as those incumbents are concerned, their term of assignment was extended upon their continued good behavior and competent and efficient service. Under such circumstances, the action of the board of education in adopting the resolution is consistent with law and the incumbents whose classification was changed by subdivision 10 of section 2573 were entitled to continue in their employment as such (Matter of Sandford v. Finegan, 276 N. Y. 70).
Petitioner’s application is denied and the petition dismissed.