In the Matter of SAUL HENOCK et al., Appellants, *v.* MURRAY BERGTRAUM et al., Constituting the Board of Education of the City of New York, et al., Respondents, and OCEY L. SANDIFER et al., Intervenors-Respondents.

Second Department, May 17, 1971.

*Stephen A. Perelson* and *Eugene M. Kaufman* for appellants.

*J. Lee Rankin, Corporation Counsel* (*Stanley Buchsbaum* and *Eric J. Byrne* of counsel), for respondents.

*Elizabeth B. DuBois, Jack Greenberg* and *Stephen G. Young* for intervenors-respondents.

Gulotta, J. In September, 1968, the petitioners took a competitive examination for the position of assistant principal, junior high schools in New York City. A ranked (competitive) list resulting from the examination was promulgated on July 15, 1969 by the respondent Board of Education. Subsequently, the board determined and announced that the list would be treated as a simple, qualifying list.

At the time the examination was taken, subdivision 10 of section 2573 of the Education Law required that appointments to the supervisory service, with certain exceptions not presently relevant, be made from the first three positions on a ranked list. However, effective April 30, 1969, prior to the promulgation of the list herein, subdivision 10 was amended so as to delete the requirement that any supervisory personnel be appointed from a competitive list (L. 1969, ch. 330, §§ 6, 13). Nothing affirmative was substituted for the deletion however; nor was anything said about how existing lists, or those which had not yet been promulgated, were to be treated.

By the same chapter which amended subdivision 10, the Legislature enacted a comprehensive plan for the New York City schools, entitled " New York City Community School District System " (commonly known as the " Decentralization Act "), constituting article 52-A of the Education Law, commencing with section 2590 (L. 1969, ch. 330, § 4). In section 2590-j (subd. 3, par. [b], subpar. [2]) thereof, provision was made that supervisory service positions be filled from a qualifying list. However, since that portion of chapter 330 did not take effect until February 16, 1970 (L. 1969, ch. 330, § 13), there was a hiatus during which there was no legislative direction as to how appointments were to be made. The effective date of article 52-A was later postponed to July 1, 1970 (L. 1970, ch. 3, § 9).

The petitioners' main attack is two-pronged. They acknowledge that the Legislature has the power to make a factual determination that it is no longer practicable to decide fitness for a particular position on the basis of a competitive test (*Matter of Barnett* v. *Fields,* 196 Misc. 339, affd. 276 App. Div. 903, affd. 301 N. Y. 543; and more recently *Matter of Maloff* v. *Board of Educ. of City of N. Y.,* 1 Misc 2d 300, app. dsmd. 1 N Y 2d 668), but they dispute its right to do so with respect to the whole supervisory service in one fell swoop. No authority is cited for

the distinction and we think it nothing more than a difference in degree rather than one in kind. Such a legislative determination has the same presumption of constitutionality and validity accorded an individual decision, with the burden resting on the challenger to establish arbitrariness or unreasonableness. That burden has not been sustained and we may note parenthetically that there were extensive legislative inquiries which preceded the change in the promotion system complained of (*vide* the Bundy Report).

The petitioners' second point is that they acquired a vested right to have the list resulting from the test they had taken employed as a ranked list until it expired by its terms or was exhausted as provided in subdivision 10 of section 2573 of the Education Law. This argument overlooks the fact that the petitioners never appeared on a promulgated list while the law provided that such list was to be competitive. By the time their list was established the position had been reclassified out of the competitive class although it would be many months before it was to be put affirmatively in the qualified class.

*Hurley* v. *Board of Educ. of City of N. Y.* (270 N. Y. 275), which is the petitioners' chief reliance, falls short of sustaining their position. There the court struck down a legislative direction to ignore a concededly valid, current competitive list, while appointments were made from an earlier competitive list which had expired by its terms. The decision did not deal with the power of the Legislature to determine the practicability of a qualifying examination vis-à-vis a competitive examination to fill positions in a given instance.

In *Matter of Brady* v. *Finegan* (269 N. Y. 571) the petitioner took an examination for the position of patrolman in the Police Department of the City of New York. Subsequent to the examination date, but prior to the grading of the examination, the Municipal Civil Service Commission changed the applicable rules, with the result that the petitioner, who would otherwise have attained a passing grade, was excluded from the eligible list. The Court of Appeals affirmed the denial of the mandamus proceeding, which had sought to compel the addition of the petitioner's name to the eligible list. Thus, in *Brady* any vested right which the petitioner had acquired by virtue of merely taking an examination was deemed to give way before an exercise of administrative discretion. In the instant case, the decision to employ qualifying, rather than ranked lists, has been made by the Legislature.

We have not overlooked the fact that there has been some administrative improvisation employed herein by the decision made during this hiatus in legislative direction to convert a list resulting from a competitive examination into a qualfying one. However, in our opinion, it was not an unreasonable exercise of administrative discretion to do so. Insofar as fitness can be determined by test, the qualities tested for would be the same in both instances. Furthermore, under the circumstances, some administrative decision to either use or scrap existing lists had become an absolute necessity. If the Board of Education had decided to comply with article 52-A by holding another examination for the sole purpose of establishing a qualifying list to supplant the list herein, the prejudice to the petitioners would obviously have been much greater.

Since the Civil Service Law (§ 85, subd. 4) preserves veterans' credits until actually used to affect standing on an eligible list, there can be no question of loss of such credit by virtue of the judgment herein.

Accordingly, the judgment should be affirmed, without costs.

HOPKINS, Acting P. J., SHAPIRO, CHRIST and BRENNAN, JJ., concur.

Judgment of the Supreme Court, Kings County, entered September 11, 1970, affirmed, without costs.