■ In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Appellant, and KENNETH NEWSOME et al., Respondents.—In a proceeding pursuant to CPLR article 75, *inter alia,* to stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated November 22, 1976, as denied the application. Order affirmed, insofar as appealed from, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs, on the opinions of Mr. Justice Finz at Special Term. Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur. [86 Misc 2d 942.]

■ In the Matter of MILLICENT SINGER, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents, and UNITED FEDERATION OF TEACHERS, LOCAL 2, AFT, AFL-CIO, et al., Intervenor-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to determine the petitioner's seniority in accordance with subdivision 3 of section 2585 of the Education Law, the petitioner appeals from a judgment of the Supreme Court, Kings County, dated January 26, 1978, which dismissed her petition. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice Aronin at Special Term (see, also, *Matter of Henock v Bergtraum,* 36 AD2d 409). Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELANCY, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered July 26, 1977, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remanded to the County Court for further proceedings consistent herewith. The County Court failed to pursue its inquiry as to whether defendant was culpably in possession of the sum of money statutorily prescribed by section 165.50 of the Penal Law, i.e., that the value of the stolen property be in excess of $1,500. Defendant, when entering his plea, admitted to receiving only "five hundred bucks", his share for driving the vehicle which his confederate used to flee from the bank. In *People v Pilat* (35 AD2d 968, affd 29 NY2d 777), we held that proof of the statutory criterion was a *sine qua non* for conviction. The conviction therein of criminal possession of stolen property in the second degree was reduced to one of criminal possession of stolen property in the third degree. We stated (pp 968-969): "There was no proof that at the time of the commission of the crime the value of the vehicle exceeded $250 (Penal Law, § 165.45). However, in our opinion, the proof adduced at trial was sufficient to establish defendant's guilt of criminal possession of stolen property in the third degree (Penal Law, § 165.40)." The superior court information charged that defendant, while acting in concert with another, possessed $1,600. That, however, cannot supply the deficiency in view of defendant's protest upon entering his plea. The County Court should have continued questioning defendant so as to establish the degree of the crime to which he was pleading (see *People v Serrano,* 15 NY2d 304). Shapiro, J. P., Cohalan and O'Connor, JJ., concur; Hawkins, J., dissents and votes to affirm the judgment.