■ In the Matter of Patricia A. Mercurio, Petitioner, v New York State Liquor Authority, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated November 27, 1978, which disapproved petitioner's application for a special on-premises liquor license. Determination annulled, on the law, without costs or disbursements, petition granted and the respondent is directed to issue the license forthwith. The respondent disapproved the petitioner's application for a special on-premises liquor license because it found that, despite the assertions of petitioner and her husband, the petitioner was not the sole party in interest in the premises for which the license is sought. However, nothing in the record controverts the sworn statements of petitioner and her husband that he has no connection with the bar and grill in question and that he will have no role in it in the future. It is apparent that respondent has disapproved the application because of the record of petitioner's spouse. But such reliance on suspicion alone is an insufficient reason to deny an application for a liquor license. The determination should therefore be annulled and the license granted. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ In the Matter of the Arbitration between Prudential Property and Casualty Insurance Company, Appellant, and Bonnie L. Epstein et al., Respondents.—In a proceeding pursuant to CPLR 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme court, Kings County, dated August 1, 1978, which, after a trial on the issue of insurance coverage of a motor vehicle owned and operated by one Leon White (the hearing having been directed by an earlier order of that court, dated January 18, 1978) vacated a stay of arbitration granted in that earlier order and directed petitioner to proceed to arbitrate the uninsured motorist claim of claimants-respondents Bonnie L. Epstein and Eugene Epstein. Judgment affirmed, with one bill of costs payable to respondent Government Employees Insurance Company. Although petitioner had the burden of establishing that the type size in the notice of cancellation did not comply with the minimum size requirement set forth in section 313 (subd 1, par [a]) of the Vehicle and Traffic Law (see *Matter of Nassau Ins. Co. [Newsome]*, 86 Misc 2d 942, affd 64 AD2d 986, on the opns at Special Term) it presented no evidence that the type was less than the required minimum 12-point size (cf. *Nassau Ins. Co. v Hernandez*, 65 AD2d 551). Further petitioner had no expert present and made no actual *offer of proof* purporting to show that the type was less than 12-point size. Accordingly, the judgment under review must be affirmed (cf. *Nassau Ins. Co. v Hernandez, supra.)* Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.