■ In the Matter of the Arbitration between UTICA MUTUAL INSURANCE COMPANY, Respondent, and HOWARD BODIE et al., Respondents. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. — In a proceeding to stay arbitration of an uninsured motorist claim, Nationwide Mutual Insurance Company

appeals from judgment of the Supreme Court, Nassau County (Vitale, J.), dated December 21, 1982, which, after a nonjury trial, *inter alia,* adjudged that Nationwide's purported cancellation of its policy of insurance on the vehicle allegedly responsible for the accident was invalid and granted petitioner's application to stay arbitration. ¶ Judgment modified, on the law and the facts, by deleting the second and third decretal paragraphs, petitioner's application for a stay of arbitration is denied and petitioner is directed to proceed to arbitrate the uninsured motorist claim of Howard Bodie, John Simms and Sloan Lipscomb. As so modified, judgment affirmed, with costs payable to appellant by Utica Mutual Insurance Company. ¶ Petitioner Utica Mutual Insurance Company (Utica) issued a one-year automobile liability policy to Sara Simms effective March 6, 1980. On September 14, 1980, while Howard Bodie and Sloan Lipscomb were passengers in Sara Simms' vehicle, which was then being driven by John Simms, the Simms' vehicle was struck in the rear by a vehicle owned and operated by Miguel Santiago. ¶ Thereafter, Bodie, Lipscomb and John Simms filed claims with Utica under the uninsured motorist indorsement of its policy of insurance on the ground that the Santiago vehicle was uninsured at the time of the accident. They also served a demand for arbitration upon Utica. Utica then commenced the instant proceeding to stay arbitration on the ground that on the date of the accident, the Santiago vehicle had been insured by either Home Indemnity Company (Home) or Nationwide Mutual Insurance Company (Nationwide). A trial was ordered to be held to resolve the disputed factual issue of whether the Santiago vehicle was insured and Home and Nationwide were added as respondents to the proceeding. ¶ At the nonjury trial, Nationwide's counsel stipulated that Nationwide had issued a policy of automobile insurance to Santiago prior to the accident but that the policy had been canceled in June of 1980, three months prior to the accident. A true copy of Nationwide's notice of cancellation, as well as detailed affidavits evidencing that the notice of cancellation was mailed to Santiago, were admitted into evidence. ¶ Following the hearing, the trial court granted Utica's application for a stay, finding that Nationwide had failed to establish that its purported cancellation was effective, since Nationwide had the burden of proving that the type size used in the notice of cancellation complied with the minimum size requirement set forth in section 313 (subd 1, par [a]) of the Vehicle and Traffic Law and no proof had been submitted as to the size of the type by any of the parties. ¶ We find that the trial court erred in concluding that Nationwide failed to sustain its burden of proof. As noted by this court in *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski* (79 AD2d 1029, 1029-1030): "In a proceeding of this sort, where a hearing is required to determine whether the offending vehicle was insured at the time of the accident, the initial burden is upon the claimant's insurer to come forward with proof that the offending vehicle was insured. Once a prima facie case is made out * * * the burden shifts to the offending vehicle's purported insurer * * * to prove that the vehicle in question was never insured (see *Nassau Ins. Co. v Minor,* 72 AD2d 576) or that the insurance had been canceled (see *Matter of Safeco Ins. Co.* [*Testagrossa*], 67 AD2d 979). Where sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail" (see, also, *Viuker v Allstate Ins. Co.,* 70 AD2d 295). In the instant matter, Utica's prima facie case was established by Nationwide's stipulation that a valid policy had, at one time, covered the Santiago vehicle. Nationwide then, relying upon its notice of cancellation, submitted proof of mailing of the notice. At that point, Utica had the burden of establishing or at least making an offer of proof purporting to show that the type size in the notice of cancellation did not comply with the minimum size requirement set forth in section 313 (subd 1, par [a]) of the Vehicle and Traffic

Law (see *Matter of Prudential Prop. & Cas. Ins. Co. [Epstein]*, 70 AD2d 953; *Wilkerson v Apollon*, 81 AD2d 141, 144). Utica's conclusory allegation, in its petition, regarding the type size in the notice of cancellation, was insufficient to challenge the size of that type and thereby shift to Nationwide the burden of going forward with proof on this point (cf. *Wilkerson v Apollon, supra,* p 144). ¶ Since Utica presented no evidence that the type used in the notice of cancellation was less than the required minimum 12-point size nor made an offer of proof purporting to show that the type was less than 12-point size, it was improper for the trial court to conclude that Nationwide's notice of cancellation was invalid. ¶ Accordingly, since the record does not reveal that the Santiago vehicle was otherwise insured, Utica is not entitled to a stay of arbitration. ¶ We have considered the other contentions raised on appeal and find them to be without merit. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.