■ In the Matter of HOME MUTUAL INSURANCE Co., Appellant. WALTER PEPLENSKI et al., Respondents.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County (Durante, J.), dated September 23, 1984, which, after a hearing, inter alia, held that All City

Insurance Company's policy issued to Sun In Kim was properly canceled, and dismissed the application.

Judgment affirmed, with costs.

On December 23, 1981, a vehicle owned by Edward J. Preston and Richard S. Preston and insured by petitioner Home Mutual Insurance Company (Home Mutual) collided with a vehicle owned and operated by one Sun In Kim. Respondent Walter Peplenski, who was a passenger in the Preston vehicle, sought arbitration against Home Mutual on the basis that Kim was uninsured.

In this proceeding, Home Mutual seeks a determination as to whether All City Insurance Co. (All City) properly canceled a policy of automobile insurance which it had issued to Kim, pursuant to Vehicle and Traffic Law § 313.

" 'In a proceeding of this sort, where a hearing is required to determine whether the offending vehicle was insured at the time of the accident, the initial burden is upon the claimant's insurer to come forward with proof that the offending vehicle was insured. Once a prima facie case is made out * * * the burden shifts to the offending vehicle's purported insurer * * * to prove that the vehicle in question was never insured (see *Nassau Ins. Co. v Minor*, 72 AD2d 576) or that the insurance had been canceled (see *Matter of Safeco Ins. Co. [Testagrossa]*, 67 AD2d 979). Where sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail' (see, also, *Viuker v Allstate Ins. Co.*, 70 AD2d 295)" *(Matter of Utica Mut. Ins. Co. [Bodie—Nationwide Mut. Ins. Co.]*, 100 AD2d 592, 593, quoting from *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski*, 79 AD2d 1029, 1029-1030).

During the hearing on the application to stay arbitration, All City produced a copy of its notice of cancellation as well as a certificate of mailing prepared by it in the regular course of business, thus creating a presumption as to the cancellation of the policy and compliance with the mailing requirements of Vehicle and Traffic Law § 313 *(see, Diaz v Great Am. Ins. Co.*, 109 AD2d 775; *Matter of Allstate Ins. Co. v Peruche*, 100 AD2d 935). The testimony of Kim that he had notified his broker by telephone of his change of address was not sufficient to overcome All City's evidence of proper cancellation of the policy in accordance with the provisions of Vehicle and Traffic Law § 313. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.