■ AETNA CASUALTY AND SURETY COMPANY, Plaintiff, v GERALDINE JESBERGER et al., Defendants; NANCY KRAMER, Appellant, and FIREMAN'S FUND INSURANCE COMPANY et al., Respondents.—In an action for a judgment declaring the rights and duties of the parties with respect to claims for damages arising out of an automobile accident, the defendant Nancy Kramer appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered July 27, 1988, which declared that the defendant National Surety Corp. had effectively canceled an assigned-risk automobile liability policy issued to her prior to the accident in question.

Ordered that the judgment is affirmed, with costs.

The evidence showed that the National Surety Corp. timely mailed to the appellant a notice of nonrenewal of her assigned-risk automobile policy, which notice comported with all applicable requirements of the Vehicle and Traffic Law and the Rules of the New York Automobile Insurance Plan. A copy of the notice of nonrenewal, addressed to her at her

admitted place of residence, was placed in evidence, as was a properly stamped and metered certificate of mailing *(see, Matter of Home Mut. Ins. Co. v Peplenski,* 117 AD2d 669; *Bullock v Hanover Ins. Co.,* 144 AD2d 416). Mere denial of receipt of the notice of nonrenewal by the appellant was ineffective to overcome the presumption arising from the compliance with Vehicle and Traffic Law § 313 *(Nassau Ins. Co. v Murray,* 46 NY2d 828). Therefore, the court properly held that National Surety Corp. had timely and effectively informed the appellant of its decision not to renew her assigned-risk policy, and was under no obligation to defend or indemnify her as a result of the accident in question, which occurred subsequent to the expiration of the policy. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.