■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v JOSE A. PEGUERO, Respondent, and INTERBORO MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. [750 NYS2d 601] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about February 22, 2001, granting petitioner insurer (Eagle)'s application to stay an uninsured motorist arbitration demanded by respondent insured to the extent of directing a hearing into whether additional respondent insurer (Interboro)'s purported cancellation of its policy with additional respondent offending driver was deficient in certain respects, and which, insofar as appealed from as limited by the briefs, rejected Eagle's argument that the arbitration should be permanently stayed because the word "OVER" in Interboro's notice of cancellation, in its bottom right-hand corner and referring the reader to its back, has a typeface that is smaller than 12-point, unanimously affirmed, without costs.

Eagle's argument that the signal word "OVER" in Interboro's notice of cancellation is not printed in at least 12-point type, and that the notice is therefore invalid under Vehicle and Traffic Law § 313, is not supported with expert opinion or other competent evidence of type size (*see Matter of Utica Mut. Ins. Co. [Bodie—Nationwide Mut. Ins. Co.]*, 100 AD2d 592). Absent a prima facie showing that the type is less than 12-point, the issue should not be framed for hearing. In view of the foregoing, we decline to review the IAS court's ruling that the word "OVER" is not part of any statutorily required language and therefore did not have to be in 12-point type. Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.