■ In the Matter of the Arbitration between SAFECO INSURANCE COMPANY, Appellant, and JOSEPH J. TESTAGROSSA et al., Respondents.—In a proceeding, *inter alia,* to stay arbitration demanded by petitioner's insured, Joseph Testagrossa, pursuant to the uninsured motorist provisions of the insurance policy issued to him, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered August 9, 1977, which, after a hearing, *inter alia,* denied the application. Judgment reversed, on the law and the facts, with costs, application to stay arbitration granted and it is determined (1) that Royal Globe Insurance Companies insured the motor vehicle owned by Patrick O'Keefe on May 18, 1975, and (2) that Royal Globe Insurance Companies must defend Patrick O'Keefe in any action arising out of the accident in question. On May 18, 1975, Joseph J. Testagrossa was allegedly injured when the motor vehicle he was operating struck a pole. He claimed that he had "swerved to avoid hitting car #2 [operated and owned by Patrick O'Keefe] who went thru stop sign." Based on his belief that Mr. O'Keefe was not insured, he filed a demand for arbitration pursuant to the uninsured motorist provisions of the insurance policy issued to him by Safeco Insurance Company (Safeco). Safeco moved to stay arbitration, claiming that Mr. O'Keefe was insured by Royal Globe Insurance Companies (Royal Globe). In due course Royal Globe was added as a party and a hearing was held. Royal Globe asserted that it had no knowledge that it insured Mr. O'Keefe, but that if Mr. O'Keefe had been its insured, the policy had been canceled by the company prior to the accident. Special Term held that the evidence submitted at the hearing was sufficient to show that the policy had been canceled and denied the stay of the arbitration. We disagree. Mr. O'Keefe, who apparently could not be located at the time of the hearing, did not appear. Safeco submitted into evidence a certified copy of the registration, dated September 27, 1974, of the vehicle of Mr. O'Keefe for the year ending September 30, 1975. This bore an insurance company code number which Safeco alleged to be that of one of the Royal Globe companies. Howard North, senior underwriter for Royal Globe, did not specifically controvert this; he testified merely that he did not know whether

the number was assigned to Royal Globe. However, that Royal Globe (or one of its companies) was indeed the insurer was revealed by a certified copy of the FS-8T letter from the Department of Motor Vehicles (the department) to Mr. O'Keefe, dated November 4, 1975. The letter stated that "Our records indicate that at the time you effected the registration of the motor vehicle described above [on September 27, 1974], you had automobile liability insurance with the Royal Globe Ins. Co." and that "This company has denied coverage for you on May 18/75." Royal Globe's documentary evidence of noncoverage on May 18, 1975 was the following: (1) the aforementioned November 4, 1975 FS-8T letter to Mr. O'Keefe; (2) an FS-25 department form, dated December 2, 1975, addressed to Mr. Testagrossa's then counsel, which stated that "Insurance was not in force on date of above accident [May 18, 1975]"; and (3) a department form FS-8, dated January 19, 1976, addressed to Mr. O'Keefe and advising him that both his registration and driver's license had been revoked "for operation of a vehicle not covered by financial security" on May 18, 1975. Royal Globe introduced nothing from its own records to show that Mr. O'Keefe's coverage was canceled. Mr. North, the senior underwriter, testified that Royal Globe maintained its files by a policy number system without any cross-reference. There was then this colloquy: "THE COURT: * * * You are claiming there is no coverage; is that right? THE WITNESS [Mr. North]: I am not claiming there is no coverage. I am claiming the only records that we have available to us if we insure an individual is by policy number. THE COURT: You haven't been able to find that? THE WITNESS: On a numerical basis as far as I know, there has been no determination that there was a policy issued according to the evidence I have heard. THE COURT: Are you saying you haven't been able to find such a policy? THE WITNESS: I never looked. The only involvement I got in this case is when I was called yesterday to come here and testify for the company." It is thus clear that Royal Globe was unable to determine whether a policy had been issued and canceled because it maintained no cross-index by the name of the insured. It thus was unable to obtain any records at all, either of the original coverage or of the alleged cancellation. On this record we hold that the proof of noninsurance on the date of the accident was not sufficient. An insured, even one who has not paid the required premium, has the right to show that he did not receive the requisite notice of cancellation and, in connection therewith, to show that the insurance company did not follow the tightly required procedure for valid cancellation of a motor vehicle policy (see Vehicle and Traffic Law, § 313; *Government Employees Ins. Co. v Mizell*, 36 AD2d 452; *Manning v Boston Old Colony Ins. Co.*, 48 AD2d 838; *Matter of Empire Mut. Ins. Co. v Sash*, 53 AD2d 614; 59 AD2d 533). Here, since Safeco is the party which will suffer (under the uninsured motorist provision of its policy issued to Mr. Testagrossa) if Mr. O'Keefe was not insured, it has the right to require Royal Globe to prove that it had followed the requisite procedure for cancellation. It should not be foreclosed by the fact that Royal Globe's erstwhile insured cannot be located, or that the latter may have chosen to remain silent in the face of the allegation that his policy had been validly canceled. The real party in interest, or at least one of them, is Safeco, and due process requires that it be permitted to put Royal Globe to the proof as to the specific facts relating to the cancellation of Mr. O'Keefe's policy. The evidence submitted by Royal Globe was woefully insufficient. It may not be excused from being required to present proof of cancellation. It should not be permitted to profit because of the inadequacy of its records. Under the circumstances we hold that the arbitration proceeding should be stayed since Safeco has presented adequate

proof that Royal Globe had insured Mr. O'Keefe at the time of the last registration of his vehicle, and Royal Globe has not met its burden of proof that it had validly canceled the insurance coverage prior to the date of the accident (see *Craine v New Hampshire Ins. Co.,* 64 Misc 2d 86). Further, *sua sponte,* it is determined that Royal Globe insured the motor vehicle owned by Mr. O'Keefe and it is ordered that Royal Globe defend Mr. O'Keefe in any action arising out of the accident (see *Matter of Empire Mut. Ins. Co. v Sash,* 59 AD2d 533, *supra).* Titone, J. P., O'Connor, Shapiro and Martuscello, JJ., concur.