■ NASSAU INSURANCE COMPANY, Appellant, v GILBERT MINOR et al., Respondents.—In a proceeding to stay the arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County, dated October 4, 1978, which denied its motion to disaffirm a referee's report, granted the cross motion of respondent Lion Insurance Company of New York to confirm the report, and directed the parties to proceed to arbitration. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing at which the respondent Lion Insurance Company is directed to appear. In the event that a referee is appointed, it should be one other than the referee who issued the report herein. On the morning of May 30, 1975, a car driven by respondent Gilbert Minor collided with a vehicle owned by one Concepcion Nanin and operated by one Angel Ruiz. The vehicle driven by Minor was insured by the appellant, Nassau Insurance Company, on a policy held by the Flowood Cab Corporation. The policy provided coverage for injuries caused by uninsured automobiles. The registration application form kept at the Department of Motor Vehicles revealed that the vehicle owned by Nanin had been registered with an insurance certificate bearing Code No. 604, the number assigned to the respondent Lion Insurance Company. Accordingly, Minor sought recovery from Lion and served the

company with a summons and complaint in April, 1976. Lion returned the summons and complaint to Minor's attorney along with a form letter from Lion's claims manager, dated July 9, 1976, which stated that Lion was unable to confirm coverage of Nanin after several unsuccessful attempts to contact her and after a "careful search" of its records. Minor's attorney responded, by letter dated November 1, 1976, that the Department of Motor Vehicles, as well as his own investigation, indicated that Lion was indeed the insurer of Concepcion Nanin. This letter referred to an insurance policy numbered "CGY 354U148380". In a letter dated November 19, 1976, Lion responded that it did not insure Concepcion Nanin and that it did not number policies with the series of digits and letters referred to in the letter of November 1, 1976. Minor subsequently sought recovery under the uninsured motorist provision of the policy covering the vehicle he had been driving at the time of the accident, and served a demand for arbitration upon the Nassau Insurance Company. Nassau moved to stay the arbitration on the ground that Lion was the insurer of the vehicle owned by Concepcion Nanin. Special Term, by consent of the parties, referred to a referee the issue of whether the vehicle owned by Nanin was insured at the time of the accident and stayed the arbitration pending the referee's determination. All parties appeared before the referee on April 20, 1978, but, at Nassau's request, the hearing was adjourned to May 11, 1978 for the production of other witnesses. On May 11, Lion requested and received an adjournment until June 8, 1978. On or about May 16, 1978, the court subpoenaed all of Lion's records for 1973 and 1974 showing the names of all the holders of automobile liability insurance. Lion has not produced these records. By affirmation dated June 7, 1978, Lion requested a further adjournment on the ground that its attorney was engaged in a case in the Supreme Court, New York County. The request was denied. Lion did not appear on the adjourned date, but it did submit a memorandum of law to the referee. On the basis of the evidence adduced without a hearing—viz., a certified copy of Nanin's registration application and the correspondence between the attorneys for Lion and Minor—the referee determined that the proof that Lion had insured the Nanin vehicle was insufficient. Nassau moved to disaffirm the referee's report, and Lion cross-moved to confirm it. Special Term confirmed the report and directed Nassau to proceed to arbitration. Nassau appeals. We hold that Nassau's evidence that Lion's code number had appeared on Nanin's vehicle registration application was sufficient to place a burden on Lion to come forward with some proof that it did not insure him. Accordingly, we reverse and remand for a hearing. In *Matter of Safeco Ins. Co. (Testagrossa)* (67 AD2d 979), the petitioner, Safeco, sought to stay the arbitration demanded by its insured under the policy's uninsured motorist provision on the ground that Royal Globe Insurance Companies insured the other vehicle involved in an accident. Safeco produced, *inter alia,* a certified copy of a registration bearing an insurance company code number assigned to Royal Globe and a letter from the Department of Motor Vehicles indicating that coverage had been canceled. Royal Globe's senior underwriter testified before the court that Royal Globe's failure to index policies by the names of the insured made it impossible to determine whether a policy had been issued and canceled. This court, reversing Special Term, held (pp 980-981) that Safeco had adduced "adequate proof that Royal Globe had insured" the alleged tort-feasor and that the burden had shifted to Royal Globe to prove that coverage was not in force on the date of the accident. Since Royal Globe's evidence was deficient in that regard, this court stayed arbitration. At bar, the referee's denial of Lion's request for a

further adjournment precluded Lion from offering any probative evidence that it did not insure Nanin. The form letter, stating that Lion has "made a careful search" of its records, is of no probative value in view of the fact that Lion never produced the claims manager or anybody else who could be cross-examined with respect to the alleged "careful search". Likewise, the letter of November 19, 1976, stating that Lion does not write policies with the series of numbers and letters referred to in the November 1, 1976 letter from Minor's lawyer, is meaningless in view of the fact that the "policy number" listed in said letter of November 1, 1976 is, in fact, the vehicle's identification number. In view of the paucity of evidence in the record, and the fact that the registration application produced by Nassau is barely adequate to shift the burden to Lion, the case should be remanded to give Lion an opportunity to establish that it did not insure the alleged tort-feasor. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.