■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v KENNETH YEGLINSKI et al., Appellants. — In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County, dated April 15, 1980, which, after a hearing, granted petitioner's application for a stay of arbitration. Judgment reversed, on the law, with costs, application denied, and the parties are directed to proceed to arbitration. On January 14, 1979 a vehicle owned and operated by appellant Kenneth Yeglinski was struck by a 1967 Plymouth on East 17th Street in Brooklyn. The driver of the Plymouth fled on foot, leaving the automobile abandoned in the street, with the motor still running. Police investigation revealed that the plates on the vehicle, number 816 DFQ, had been stolen and, in fact, belonged to one Edwin Aleman. The vehicle identification number indicated that the Plymouth was registered to one Jose Ramos, who resided at 415 9th Street, Brooklyn. An FS-25 form, supplied by the Department of Motor Vehicles, indicated that the correct plate number of the Ramos vehicle was 411 CTP and that the car was insured by the North River Insurance Company. Shortly before the accident, a Plymouth, apparently the same vehicle, had been observed by Police Officer Jack Weinbrot. Since the driver and passenger looked suspiciously young the officer motioned to the driver to pull over. The Plymouth took off and a chase began. Weinbrot lost sight of the Plymouth, but later found the vehicle abandoned on East 17th Street. Yeglinski and his passenger, appellant Gary Barnett, were injured in the accident and attempted to recover under the uninsured motorist endorsement of the Yeglinski insurance policy. They contended that the "Ramos" vehicle was stolen. When Yeglinski's insurer, petitioner State Farm Mutual Automobile Insurance Company, denied coverage, Yeglinski and Barnett demanded arbitration. State Farm then brought the instant application to stay arbitration. A hearing was held to resolve the disputed factual issue with respect to insurance coverage of the Plymouth. At the trial, Police Officer Weinbrot, called by appellants, recounted his pursuit of the Plymouth and his subsequent investigation. The FS-25, indicating that North River was the insurer of the Plymouth, was introduced into evidence. Appellants also intended to call Gary Marklin, a representative of the North River Insurance Company, to testify. However, in lieu of his testimony, counsel for State Farm stipulated that Marklin, if called to the stand, would testify that he had examined, and brought with him, all of North River's files relating to Jose Ramos and that while North River had insured several vehicles owned by Ramos, it had never insured the 1967 Plymouth in question. Ramos, himself, could not be located and was not called to testify. No evidence was presented by State Farm. Following the hearing, the court granted State Farm's application for a stay, concluding that "the [appellants] have failed to sustain their burden of proof that the offending vehicle was either uninsured at the time of the accident or that the offending vehicle was being driven at the time of the accident without permission or authority of the owner." The court erred in concluding that the claimants failed to sustain their burden of proof. In a proceeding of this sort, where a hearing is required to determine whether the offending vehicle was insured at the time of the accident, the initial burden is upon the claimant's insurer to come forward with proof that the offending vehicle was insured. Once a prima facie case is made out, normally by the submission of a Department of Motor Vehicles FS-25 form or similar document, the burden shifts to the offending vehicle's purported insurer (or where the insurer is not made a party, the claimant), to prove that the vehicle in question was never insured (see *Nassau Ins. Co. v Minor,* 72 AD2d 576) or that the insurance had been canceled (see *Matter of Safeco Ins. Co. [Testagrossa],* 67

AD2d 979). Where sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail. In the case at bar, the FS-25 form constituted prima facie proof that the Ramos vehicle was insured by North River. This proof, however, was rebutted by the "statement" of North River's representative, introduced by stipulation, which indicated that the vehicle in question had never been insured by his company. Since State Farm failed to present additional proof of insurance, it is not entitled to a stay of arbitration. We find no merit to State Farm's suggestion that the case be remanded for further proceedings, with North River joined as a party. While it is generally preferable to add the offending vehicle's purported insurer as a party, such a procedure need not be followed in all cases. In the case at bar, the claimants were prepared to call upon Marklin, the North River representative, to testify, in which event State Farm's attorney would have had an opportunity to cross-examine him. Since State Farm stipulated as to Marklin's proposed testimony, it may not now seek a further opportunity to elicit information from North River. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.