■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v SEYMOUR OLEPHANT, Respondent-Respondent, and STATE FARM MUTUAL INSURANCE COMPANY, et al., Respondents. — In a proceeding to stay the arbitration of an uninsured motorist claim, the petitioner, insurer of the vehicle operated by respondent Olephant, appeals from a judgment of the Supreme Court, Nassau County, entered October 1, 1980, which denied its application and directed the parties to proceed to arbitration at the earliest date. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing and new determination in accordance herewith. The registration application form kept at the Department of Motor Vehicles revealed that the offending vehicle had been registered with an insurance certificate bearing Code No. 328, the number assigned to State Farm Insurance Company. In addition to being evidence sufficient to raise a triable issue of fact, the registration application is sufficient to place a burden on State Farm Insurance Company to come forward with some proof that it either did not insure the owner of the vehicle in question or that it had followed the requisite procedure for cancellation (see *Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). The police report, in which the officer had recorded the number assigned to

the National Union Fire Insurance Company in the blank for insurance code information, is sufficient to raise a triable issue of fact as to whether the aforesaid company insured the owner of the offending vehicle. Police reports are admissible pursuant to the business records exception to the hearsay rule. Ordinarily, any statements by the driver made to the officer and incorporated in the accident report fall within no recognized exception to the hearsay rule and would not be admissible as regards the insurer (see, generally, Richardson, Evidence [Prince, 10th ed], §§ 238, 255 et seq., 299; cf. Penn v Kirsh, 40 AD2d 814; Toll v State of New York, 32 AD2d 47; Chemical Leaman Tank Lines v Stevens, 21 AD2d 556; Matter of Rosen [Motor Vehicle Acc. Ind. Corp.], 20 AD2d 704; Zaulich v Thompkins Sq. Holding Co., 10 AD2d 492). However, under New York Law, insurance identification cards are required to be produced upon the request of a police officer (see Vehicle and Traffic Law, § 311, subd 10; §§ 312, 319, subd 3; § 600; see, also, 15 NYCRR Part 32, especially 32.12). Since the driver of the offending vehicle was under legal compulsion to produce the insurance identification card and said card itself is admissible as an exception to the hearsay rule, proof of the card's presentation would render the insurance code entry admissible and would shift the burden on National Union Fire Insurance Company to come forward with some proof that it either did not insure the presenter or that it had followed the requisite procedure for cancellation (cf. Viuker v Allstate Ins. Co., 70 AD2d 295). Damiani, J.P., Lazer, Mangano and Gibbons, JJ., concur.