■ In the Matter of the Arbitration between AMERICAN SECURITY INSURANCE COMPANY, Appellant, and RONALD NOVOA et al., Respondents. — In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner, American Security Insurance Company, appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated July 22, 1982 which denied its application to stay arbitration. Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a new hearing and determination in accordance herewith. On December 13, 1980, Ronald Novoa was allegedly involved in an accident with an automobile owned by Joseph Passeretti. After attempting to contact Mr. Passeretti, Mr. Novoa's attorneys were informed, through the New York State Department of

Motor Vehicles, that the respondent Allstate Insurance Company had issued a policy to Passeretti which was in effect at the time of the accident. As a result of a claim made on the Allstate policy, Novoa's attorneys were informed by Allstate that the carrier had canceled the policy on July 10, 1980 and that there was no insurance coverage on the date of the accident. Consequently, Ronald Novoa made a claim under the uninsured motorist provision of his policy with the American Security Insurance Company, and on August 19, 1981 a demand for arbitration was served on it. Thereafter, the American Security Insurance Company moved for an order staying arbitration. Pursuant to an order of Special Term (Adler, J.), dated January 25, 1982, arbitration was stayed pending the determination of the following issues: "(1) Did Allstate Insurance Company validly cancel the insurance policy it had previously issued for the allegedly uninsured offending vehicle prior to the accident on December 13, 1980? (2) Did the petitioner, American Security Insurance Company, validly cancel the insurance policy of respondent Ronald Novoa prior to the accident on December 13, 1980? (3) Did respondent Donald [sic] Novoa or his attorneys give timely written notice of the uninsured driver claim to the petitioner (American Security Insurance Company) as required by the insurance contract?" During the course of the trial of the above issues, Trial Term ruled that before Allstate had the burden of establishing that it validly canceled its policy, American Security Insurance Company had the burden of proving that the vehicle involved in the subject accident was owned by Allstate's insured, Joseph Passeretti. We disagree. The question of whether or not the Passeretti vehicle was involved in the accident with the respondent Novoa's motorcycle was not in issue before Trial Term. That question will be resolved either at arbitration (if Allstate's cancellation was valid) or in the course of an action against Passeretti (if the Allstate policy was in effect at the time of the accident) (see *Matter of De Luca [MVAIC]*, 17 NY2d 76, 80-81). In the instant proceeding, the American Security Insurance Company had to show that an Allstate policy had been issued for the Passeretti vehicle which had an expiration date at the time of issuance beyond the date of the accident. This was done by way of the New York State Department of Motor Vehicles form FS-25 which indicated that the Allstate policy was still in effect as of December 13, 1980. At that point, the burden shifted to Allstate, which was seeking to show no coverage, to come forward with proof that it had validly canceled the policy prior to the accident (*Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029; see *Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). While this matter must be remitted for a determination as to the validity of Allstate's cancellation, the record herein supports, and we affirm, Trial Term's finding (1) that the American Security Insurance Company's purported cancellation of the policy issued to Ronald Novoa was ineffective and (2) that Novoa gave timely written notice "as soon as was reasonably possible" that he was making a claim under the uninsured motorist provision of his policy (Insurance Law, § 167, subd 1, par [d]). On appeal, American Security Insurance Company raises no argument with respect to the former finding. With respect to the latter finding, the record reveals that Novoa gave written notice of his claim through his attorneys, to the American Security Insurance Company only 11 days after they were informed for the first time of the purported cancellation of the insurance policy issued by Allstate to Passeretti. Consequently, we are of the view that under the circumstances of this case, the notice was given within a reasonable time (see *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.