■ In the Matter of STATE WIDE INSURANCE COMPANY, Appellant, v JOHN LIBECCI, Respondent. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Spatt, J.), entered April 19, 1983, which dismissed its petition and directed that this matter proceed to arbitration.

Judgment reversed, on the law, with costs, and application to stay arbitration granted.

On May 2, 1980, John Libecci was driving his car in a westerly direction on Atlantic Avenue in Brooklyn. He stopped for a red light at the intersection of Third Avenue and was hit in the rear by a 1972 Chevrolet, which immediately left the scene of the accident. Mr. Libecci was taken to Long Island College Hospital

where he remained for four days. A no-fault insurance claim was made against petitioner State Wide Insurance Co. (hereinafter State Wide) by Mr. Libecci.

The license plate number of the offending vehicle was recorded by a witness, and inquiries in May of 1980 by both Libecci's attorney and State Wide revealed that the car belonged to a Jose Rivera of Brooklyn and that he was insured by All City Insurance Co. (hereinafter All City).

Libecci commenced an action against Rivera, but no answer was served. Libecci then sought a default judgment, which was denied without prejudice by Special Term, Kings County, on April 28, 1981. That same day Libecci wrote to All City for the purpose of making a claim.

Thereafter, in a letter dated May 6, 1981, All City informed Libecci that it did not insure Jose Rivera. On or about May 11, 1981, Libecci filed with petitioner a notice of intention to make claim under the uninsured motorist endorsement of his policy setting forth as the basis for such claim that the offending vehicle involved in the accident of May 2, 1980 was "uninsured". State Wide denied coverage asserting that notice was not timely made.

On or about May 27, 1982, Libecci demanded arbitration of the claim and by notice of petition dated June 2, 1982, State Wide moved to stay arbitration. A stay was granted to the extent of staying arbitration pending a hearing on the preliminary issues of whether Libecci's delay in giving notice was excusable and whether the Rivera vehicle was uninsured.

A hearing was held on February 9, 1983 and at that time, State Wide introduced into evidence an FS-25 form, supplied by the Department of Motor Vehicles, a police report and an M. V. 104 report made out by Libecci. All three pieces of evidence indicated that the offending car was owned by Jose Rivera and insured by All City. Ms. Angela Adamo, a coverage supervisor for All City, testified on All City's behalf that she checked her company's records to determine if they were the insurers for Jose Rivera. Her investigation uncovered about 20 "Jose Riveras"; none was listed with the address given for the Jose Rivera in question. She indicated that the comparison of addresses was the total extent of her investigation and that she did not check plate numbers or any other information.

On February 14, 1983, Trial Term ruled that All City sustained its burden of proving that it did not insure the offending vehicle.

We disagree.

In the instant proceeding, State Wide had the initial burden of going forward to show that the offending vehicle was insured by All City. "[I]n a proceeding of this sort, where a hearing is required to determine whether the offending vehicle was insured at the time of the accident, the initial burden is upon the claimant's insurer to come forward with proof that the offending vehicle was insured. Once a prima facie case is made out, normally by the submission of a Department of Motor Vehicles FS-25 form or similar document, the burden shifts to the offending vehicle's purported insurer (or where the insurer is not made a party, the claimant) to prove that the vehicle in question was never insured (see *Nassau Ins. Co. v Minor,* 72 AD2d 576) or that the insurance had been canceled (see *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). Where sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail" (*Matter of State Farm Mut. Auto Ins. Co. v Yeglinski,* 79 AD2d 1029; see, also, *Matter of American Security Ins. Co. [Novoa],* 97 AD2d 541; *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979).

State Wide met this burden by introducing into evidence the FS-25 form, the M. V. 104 form, and the police report, all indicating that the offending vehicle was insured by All City. All City's total rebuttal consisted of a mere checking of a list of approximately 20 Jose Riveras for a corresponding address of the Rivera in question. This was insufficient to overcome the prima facie proof submitted by State Wide. We, therefore, reverse and grant the stay of arbitration. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.