OPINION OF THE COURT
Arthur J. Cooperman, J.
The main issue presented by this case is whether the notation in a police report of insurance coverage for an offending vehicle in an automobile accident is sufficient in and of itself to shift the burden to the vehicle’s alleged insurer to demonstrate that it did not insure at the time of the accident.
On October 30, 1983 claimant-respondent Nelson Ramirez was operating an automobile owned by Rosa Ramirez and insured by petitioner Federal Insurance Company (Federal). Whether the other vehicle involved in the accident, owned and operated by Manuel Lopez, was insured at the time of the accident is the question presented by the order temporarily staying arbitration, under the uninsured motorist coverage afforded to Nelson Ramirez by the Federal policy, pending a final determination by this court.
Upon the hearing before this court, petitioner placed in evidence the Motor Vehicle Department registration plate record for the Lopez vehicle which indicated that at the time it was registered on July 23, 1983, an insurance identification card of the Automobile Insurance Plan of New York, known as the Assigned Risk Plan (Plan), was also included in the application for registration.
In addition, petitioner placed in evidence a copy of the police accident report which listed insurance code number 160 for the Lopez vehicle. That code number was assigned to respondent Sentry Insurance, a Mutual Company (Sentry) by the Department of Motor Vehicles.
Both the Plan and Sentry were added as parties respondent to this proceeding and appeared at the hearing.
Respondent Plan offered the only other significant proof referable to the issue of insurance, to wit: an administrative assistant employed by the Plan, who testified that a search of its records disclosed no assignment of coverage for Manuel Lopez. She further testified that a completed application and premium payment must be received before an assignment is made and that no such application and premium payment were received.
*33 Respondent Plan contends that never having received a completed application and premium deposit it is not required to assign an insurer to the Lopez vehicle. Additionally, it claims that petitioner has no standing to compel it to assign coverage for the Lopez vehicle.
Respondent Sentry contends that the uncertified copy of the police report is insufficient to shift the burden to it to demonstrate that it did not have in effect an insurance policy for the offending vehicle on the date of the accident. No evidence was presented by respondent Sentry.
The instant case presents an unusual situation since the registration plate record for the offending vehicle indicates, on its face, that the Plan had assumed the obligation of assigning an appropriate insurance carrier for the vehicle and the police report prepared at the time of the accident reveals an insurance code number designating Sentry as the carrier.
In a proceeding of this type, where a hearing is required to determine whether an offending vehicle was insured at the time of the accident, the initial burden is upon the petitioner to come forward with proof of insurance. Once a prima facie case is made out (usually by the submission of a Department of Motor Vehicles FS-25 form or similar document) the burden shifts to the offending vehicle’s purported insurer to prove that the vehicle in question was not insured (Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893; Nassau Ins. Co. v Minor, 72 AD2d 576).
The admission into evidence of the registration plate record is sufficient to place the burden on the Plan to come forward with some proof that it had not received the requisite completed application and premium payment that would mandate that it assign the risk to an insurer pursuant to Insurance Law former § 63, in effect prior to September 1, 1984 (see, Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886).
The rules promulgated by the Plan as approved by the Superintendent of Insurance provide in part that "a risk applying for coverage must submit the prescribed application form to the Plan * * * accompanied by the appropriate deposit premium” and further, that: "Upon receipt of the application of insurance properly completed and the deposit specified in section 11 the Plan shall designate an insurer to which the risk shall be assigned” (Rules of the Automobile Insurance Plan § 11 [A]).
The testimony of the Plan’s witness that three searches *34 conducted by the Plan failed to uncover an application, premium deposit or assignment for the offending vehicle was sufficient to rebut petitioner’s prima facie case against it and required the petitioner to present additional proof of insurance in order to prevail (Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029; see also, Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541; Matter of Eagle Ins. Co. v Olephant, supra; Matter of Safeco Ins. Co. [Testagrossa], 67 AD2d 979).
No additional proof was forthcoming as to the Plan. Accordingly, the Plan is not obligated to issue a retroactive assignment of insurance to the offending vehicle {see, Hammerick v Nationwide Mut. Ins. Co., 110 AD2d 1058).[1]
After trial, respondent Sentry raised the issue that an uncertified copy of the police report was accepted into evidence "conditionally” and, therefore, its contents are rendered inadequate to shift the burden of proof to it absent actual police testimony regarding presentation of insurance information by the driver of the offending vehicle.
That argument is without merit.
The document was unqualifiedly admitted to the extent that it indicated code number 160 referable to Sentry, without objection.
Therefore, whether or not the report was certified is of no consequence.[2]
Of greater importance is the issue of whether the mere notation of insurance coverage on the police report is sufficient to require Sentry to demonstrate that it did not afford insurance to the vehicle on the date of the accident.
In Matter of Eagle Ins. Co. v Olephant (81 AD2d 886-887, supra), the Appellate Division, Second Department, addressed the subject of the admissibility of the police report with respect to its effect on a petitioner’s prima facie case as *35 follows: "The police report, in which the officer had recorded the number assigned to [the alleged insurer] in the blank for insurance code information, is sufficient to raise a triable issue of fact as to whether the aforesaid company insured the owner of the offending vehicle. Police reports are admissible pursuant to the business records exception to the hearsay rule. Ordinarily, any statements by the driver made to the officer and incorporated in the accident report fall within no recognized exception to the hearsay rule and would not be admissible as regards the insurer * * * However, under New York law, insurance identification cards are required to be produced upon the request of a police officer (see Vehicle and Traffic Law, § 311, subd 10; §§ 312, 319, subd 3; § 600; see, also, 15 NYCRR Part 32, especially 32.12). Since the driver of the offending vehicle was under legal compulsion to produce the insurance identification card and said card itself is admissible as an exception to the hearsay rule, proof of the card’s presentation would render the insurance code entry admissible and would shift the burden on [the alleged insurer of the offending vehicle] to come forward with some proof that it either did not insure the presenter or that it had followed the requisite procedure for cancellation (cf. Viuker v Allstate Ins. Co., 70 AD2d 295).”
It would appear that the decision in Matter of Eagle Ins. Co. v Olephant (supra) anticipates some independent proof of the insurance card’s presentation, in order to render the card admissible as proof of insurance coverage.
The legal obligation that a driver produce an insurance card and the duty that a police officer note the insurance code on a police report of an accident effectively raises a rebuttable presumption that the card was offered by the driver and duly recorded by the police officer. There should be no initial requirement that a witness testify with respect to the card’s actual presentation, as respondent Sentry urges. The only inference to be drawn from the notation in the police report is that the driver provided the insurance information to the police officer. Thus, the introduction of a police report containing an insurance code is sufficient in and of itself to shift the burden of proving noninsurance to respondent Sentry.
Moreover, since an insurer’s code on an offending driver’s Department of Motor Vehicles FS-25 form or similar document is sufficient to establish petitioner’s prima facie case (Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541, supra; Matter of Eagle Ins. Co. v Olephant, supra; Nassau Ins. Co. v *36 Minor, 72 AD2d 576, supra; Matter of Safeco Ins. Co. [Testagrossa], 67 AD2d 979, supra), there is no basis for treating an insurance code notation on a police report differently than a Department of Motor Vehicles document. (See, Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893, supra.)[3]
Accordingly, since Sentry has failed to adduce any testimony or evidence of noninsurance to rebut the presumption raised by the appearance of its code number on the police report, petitioner’s application to permanently stay arbitration is granted.

. In view of the court’s determination that there is no viable claim against the Plan, its argument that petitioner lacks standing to proceed against it is academic.

. The record indicates the following exchange between the court and respondent Sentry’s counsel:
"Court: So, there is no objection to the admission of the uncertified copy of the police report to the extent that it indicates code number 160 referable to the Sentry Insurance Company which was indicated thereon.
"Counsel: That is correct Judge.
"Court: Okay, without objection, Exhibit 2.”

. Without specifying whether any testimony had been received regarding the presentation of the insurance card to a police officer who thereafter recorded the insurance code in the police report, the Appellaté Division, Second Department, held that petitioner’s introduction of "the FS-25 form, the M.V. 104 form, and the police report” met petitioner’s initial burden of coming forward with proof that the offending vehicle was insured. (Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893, 895; emphasis supplied.)