■ In the Matter of WAUSAU INSURANCE COMPANY, Respondent, v EDGAR PREDESTIN, Appellant, and AETNA INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Edgar Predestin appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated June 20, 1984, which granted the application.

Judgment affirmed, with costs.

On December 24, 1980, a car driven by Edgar Predestin collided with a vehicle at the intersection of 114th Avenue

and Springfield Boulevard in Queens, New York. The second vehicle was described as having "left scene" by the police accident report. However, Predestin reported that the vehicle bore New York State license number 689 VNX.

The Department of Motor Vehicles registration plate record, commonly known as form FS-25, revealed that the recorded license plate number was registered to a Ms. Gwendolyn McGee and insured by respondent Aetna Insurance Company. Predestin commenced an action against McGee by service of a summons and complaint, both dated May 7, 1981. McGee, however, did not respond, nor did Predestin move for a default judgment.

Predestin filed a notice of intention to arbitrate, dated August 9, 1983, pursuant to the uninsured motorist indorsement of his automobile insurance policy issued by Wausau Insurance Company (hereinafter Wausau). Predestin claims that a notice of intent to file a claim was sent to Wausau on April 2, 1981; however, Wausau contends that said notice was not received until February 16, 1983. Wausau then commenced the instant proceeding by notice of motion dated December 9, 1983 to permanently stay the arbitration of this matter. Special Term determined procedurally that the initial demand for arbitration served by Predestin upon Wausau was a nullity and that, on the merits, by submission of the Department of Motor Vehicles FS-25 form, Wausau had met its burden of proof with respect to whether the offending vehicle was insured on the date of the accident.

Special Term correctly granted the application to permanently stay arbitration. The demand for arbitration was served by regular mail and is therefore a legal nullity (CPLR 7503 [c]; *Matter of American Mut. Liab. Ins. Co. v Gladstone,* 83 AD2d 551; *Matter of Chasin v Chasin,* 37 AD2d 839). However, CPLR 7503 (c) does not prevent Predestin from properly re-serving the demand. Nonetheless, even if proper service were to be made, Predestin would still not be entitled to arbitration.

In the instant proceeding, Wausau has the burden of going forward to show that the offending vehicle was insured by Aetna *(see, Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). Wausau's burden of proof was satisfied by the production of the FS-25 form listing Aetna as the offending vehicle's insured on the date of the accident.

This court has recognized that: " '[o]nce a prima facie case

is made out, normally by the submission of a Department of Motor Vehicles FS-25 form or similar document, the burden shifts to the offending vehicle's purported insurer (or where the insurer is not made a party, the claimant) to prove that the vehicle in question was never insured * * * or that the insurance had been canceled (see *Matter of Safeco Ins. Co. [Testagrossa], [supra])' " (Matter of State Wide Ins. Co. v Libecci, supra,* at p 895, quoting from *Matter of State Farm Mut. Auto Ins. Co. v Yeglinski,* 79 AD2d 1029).

Predestin's proof consisted of oral allegations that the offending vehicle which he himself identified might have been misidentified. This court has noted that oral denials are "insufficient to overcome the prima facie proof submitted by [claimant's insurer]" *(Matter of State Wide Ins. Co. v Libecci, supra,* at p 895). Therefore, since Predestin did not offer any probative evidence to overcome the prima facie case, the stay of arbitration was properly granted by Special Term.

In view of the foregoing disposition, we need not pass on the question of whether Predestin's failure to give Wausau notice of intention to file a claim within 90 days of the accident should be excused as having been given as soon as practicable. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.