■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v RAFAEL PEREZ et al., Respondents.—In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated

January 23, 1985, which, after a hearing, *inter alia,* dismissed the petition and directed the petitioner to proceed to arbitration.

Order reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a new hearing and determination in accordance herewith.

At the hearing, the petitioner Liberty Mutual Insurance Company (hereinafter Liberty Mutual) offered registration plate records from the New York State Department of Motor Vehicles as proof that both of the vehicles involved in the accident with the respondent Rafael Perez were insured. The respondent Aetna Casualty and Surety Co. (hereinafter Aetna) stipulated that it had issued an insurance policy to the driver of one of the offending vehicles, and that this policy was in effect on the date of the accident. However, Aetna disclaimed coverage for the accident due to late notice of the accident from its insured. In any event, the court properly found that the disclaimer issue was not before it at the hearing.

The respondent State Farm Insurance Companies (hereinafter State Farm) claimed that it had canceled its policy on the other offending vehicle prior to the accident. However, State Farm was never put to its proof of cancellation because the court, in examining the Department of Motor Vehicles' registration plate record for the vehicle which had been insured by State Farm, interpreted the document as indicating that the expiration date of the State Farm policy preceded the date of the accident. As a result, the court found that Liberty Mutual had offered insufficient proof that State Farm's policy was in effect on the date of the accident.

It appears that the court may have misinterpreted the expiration date on the Department of Motor Vehicles' registration plate record. In any event, the court should have granted the petitioner's request for an adjournment to present proof from the Department of Motor Vehicles interpreting the record in evidence. Therefore, a new hearing should be conducted, with proof offered in accordance with *Matter of State Wide Ins. Co. v Libecci* (104 AD2d 893). Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.