■ Public Service Mutual Insurance Company, Respondent, v Pierre B. Jacquet et al., Defendants, and Nationwide General Insurance Company et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Nationwide General Insurance Company, Nationwide Mutual Insurance Company, and Nationwide Mutual Fire Insurance Company appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered August 5, 1986, which, after a nonjury trial, granted the petition and permanently stayed the arbitration on the ground that the motor vehicle owned by Pamela Sutherland was insured by a policy issued by the appellant insurance companies.

Ordered that the judgment is affirmed, with costs.

After the petitioner presented a prima facie case based upon the certified records of the Department of Motor Vehicles of the State of Pennsylvania that the appellants insured the Sutherland vehicle, and the appellants submitted proof which they contended refuted the petitioner's claim, the trial court rendered its decision in favor of the petitioner. Immediately thereafter, the appellants unsuccessfully sought a continuance for the purpose of producing additional evidence that on the date of the accident, the Sutherland vehicle was not insured under policy number 58B1007586W12.

We find that the trial court did not abuse its discretion in denying the appellants' request for a continuance. Contrary to the appellants' contention at trial and on appeal, they failed to establish that they did not have adequate notice prior to the trial that they would be required to refute the petitioner's claim that the Sutherland vehicle was insured under policy

number 58B1007586W12. Since the appellants failed to meet their burden of coming forward with evidence refuting the petitioner's prima facie case *(see, Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893, 895), under the circumstances herein, they are not entitled to a further opportunity to present additional evidence. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.