■ In the Matter of PEERLESS INSURANCE COMPANY, Respondent, v SARINE MILLOUL et al., Respondents, and UNITED STATES FIRE INSURANCE Co., Appellant

On December 19, 1984, Boris Milloul was struck by an automobile while he was crossing Avenue J in Brooklyn. His attorney requested an arbitration pursuant to the uninsured motorist endorsement to an insurance policy issued by Peerless Insurance Company (hereinafter Peerless). Peerless then sought a stay of arbitration upon the ground that the vehicle which struck Mr. Milloul had been identified as one owned by Shelly D. Wright and insured by United States Fire Insurance Company. Milloul's attorney opposed this application, stating that the identification of the Wright vehicle, which is contained in a police report, is unreliable since it is based upon a license plate number furnished by a bystander to the accident, whose identity was, and remains, unknown.

A nonjury trial was held in the Supreme Court, Kings County. The evidence submitted by Peerless consisted solely of uncertified and unauthenticated copies of a police report and a New York State Department of Motor Vehicles Form FS-25. These documents were accepted into evidence over a specific objection as to their competence as evidence. United States Fire Insurance Company produced a witness who testified as to the circumstances of his search of that company's records, which caused him to conclude that that company had never issued an automobile insurance policy to Shelly D. Wright. At the conclusion of the hearing, the court granted the application for a stay of arbitration. This appeal followed.

Certain business records may be received into evidence without having been authenticated by their maker, but only if those records are certified in accordance with CPLR 4518 (c) (see, O'Connor v Incorporated Vil. of Port Jefferson, 104 AD2d 861, 862-863; Liberto v Worcester Mut. Ins. Co., 87 AD2d 477, 479, lv dismissed 58 NY2d 605, 824). The admission into

evidence of the FS-25 form and the police report, without the benefit of any testimony establishing their authenticity or accuracy, and without proper certification, was therefore error. The insurance information contained in the police report was not furnished by the driver of the offending vehicle *(cf., Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886). The admission into evidence of the police report was erroneous for the additional reason that the identification of the Wright vehicle as the one involved in the accident in question, which is contained in that report, was based solely on the hearsay declaration of an anonymous nonparty bystander *(see, Cover v Cohen,* 61 NY2d 261, 274; *Turner v Spaide,* 108 AD2d 1025, *lv denied* 66 NY2d 601, *rearg denied* 66 NY2d 1036; *Gagliano v Vaccaro,* 97 AD2d 430; *see also, Viuker v Allstate Ins. Co.,* 70 AD2d 295, 298, n; *Matter of Rosen [MVAIC],* 20 AD2d 704). For these reasons, the petitioner failed to prove, by competent evidence, either that the Wright vehicle was involved in the accident or that it was insured by United States Fire Insurance Company.

We recognize, of course, that in several cases this court has held that a party which applies for a permanent stay of an uninsured motorist arbitration may establish a prima facie case by introducing into evidence forms such as an FS-25 or a standard police report *(e.g., Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893, 895; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029). In those and similar cases, it is apparent that proper foundation had been laid for the introduction of the documentary evidence, or that the appropriate hearsay objection had been waived.

Even if we were to overlook the hearsay status of all of the petitioner's proof, we would nevertheless conclude that the representative of United States Fire Insurance Company gave testimony sufficient to rebut that proof. Under these circumstances, we find, as a matter of fact, as well as a matter of law, that the petitioner did not carry its over-all burden of proving that the Wright vehicle was insured by United States Fire Insurance Company on the date of the accident *(cf., Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, supra).*

We therefore reverse the judgment under review and deny the application for a stay of arbitration. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.