■ HOME INSURANCE COMPANY, INC., et al., Respondents, v ANDRES TAVERAS, Appellant, et al., Respondent.—Order unanimously reversed on the law and facts with costs. Memorandum: Respondent appeals from an order which granted petitioner insurance company a permanent stay of arbitration of respondent's uninsured motorist claim. The court granted the stay on the ground that there was no proof that the accident vehicle was insured by petitioner and that respondent thus had failed to meet his burden of establishing the existence of an agreement to arbitrate. That was error.

It was respondent's obligation, as the party seeking arbitration, to establish that the accident vehicle was insured by petitioner (see, Marben Realty Co. v Sweeney, 87 AD2d 561, 562). Once respondent established a prima facie case that the vehicle was insured, the burden shifted to petitioner to come forward with evidence to demonstrate otherwise (Public Serv. Mut. Ins. Co. v Jacquet, 135 AD2d 803; see, Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893, 895). Here, respondent sustained his initial burden of demonstrating that petitioner had issued a policy covering the accident vehicle. He produced an FH-1 form which certifies that petitioner had issued a policy of insurance covering the accident vehicle for the period during which the accident occurred. Moreover, the record contains the admission of petitioner's claims manager that petitioner had issued the insurance certificate. Because petitioner failed to rebut respondent's prima facie showing of coverage, the court erred in determining that the policy did

not exist and that there was no agreement to arbitrate. (Appeal from order of Supreme Court, Onondaga County, Stone, J.—stay arbitration.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.