■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v MARIE TAIBBI et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Kings County

(Huttner, J.), dated February 28, 1989, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner Allstate Insurance Company (hereinafter Allstate) is the respondents' automobile insurance carrier. The respondents allegedly suffered physical injuries after being struck by a motorized bicycle, driven by Edward Serrao. The Aetna Casualty & Surety Company, the insurer of Serrao's parents under a homeowner's policy, disclaimed coverage. Thereafter, the respondents commenced an arbitration proceeding, claiming that the bicycle was uninsured, and seeking to recover uninsured motorist benefits from Allstate. The Supreme Court denied Allstate's request for a stay of arbitration, holding that it is for the arbitrator to determine whether or not the vehicle was uninsured.

The Supreme Court erred in referring that issue to the arbitrator. The question of whether a vehicle is uninsured is one for the courts *(see, e.g., Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346; *Public Serv. Mut. Ins. Co. v Jacquet,* 135 AD2d 803). However, we find that Allstate failed to meet its burden of showing that the motorized bicycle which collided with the respondents' automobile was insured under the homeowner's policy of Serrao's parents *(see, Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900, 901). Accordingly, a stay of arbitration is not warranted in this case.

We have considered Allstate's remaining contention and find it to be without merit *(see, Matter of Wausau Ins. Co. v Predestin, supra).* Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.