■ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Appellant, v JESSICA CASTRO et al., Respondents.—In a proceeding pursuant to CPLR article 75, *inter alia,* to stay arbitration, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), entered December 9, 1987, which, after a hearing, *inter alia,* denied the application and determined that on the date of the accident the respondent insurance carrier did not have a policy of automobile liability insurance in full force and effect with regard to the vehicle owned by Daniel P. O'Brien.

Ordered that the order and judgment is reversed, on the law and the facts, with costs, and the application to permanently stay arbitration is granted.

Where a hearing is required to determine whether an offending vehicle was insured at the time of an accident, the initial burden is on the claimant's insurer to come forward with proof that the offending vehicle was insured *(see, Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900, 901; *Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893, 895; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979, 981). The petitioner submitted a Department of Motor Vehicles form indicating that the vehicle had been insured *(see, Matter of Safeco Ins. Co. [Testagrossa], supra).* That evidence shifted the burden to the respondents to prove that the vehicle was never insured *(see, Nassau Ins. Co. v Minor,* 72 AD2d 576, 577) or that the insurance had been canceled *(see, Matter of Safeco Ins. Co. [Testagrossa], supra,* at 981). The respondents, however, failed to meet their burden. Consequently, the judgment appealed from must be reversed.

At bar, the respondents attempted to meet their burden by proving that the offending vehicle's insurance had been canceled. Their attempt failed for two reasons. First, the language of the respondent insurer's notice of cancellation did not comply with Vehicle and Traffic Law § 313 and its implementing regulations *(see, Barile v Kavanaugh,* 67 NY2d 392, 396-399). Second, the respondents did not make a sufficient showing that the notice of cancellation had been mailed in compliance with the requirements of Vehicle and Traffic Law § 313. There was no showing that the notice was duly addressed and mailed or that there existed an office practice and procedure used in the regular course of business that ensured the likelihood that such a notice was addressed and mailed *(cf.,*

*Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.