OPINION OF THE COURT
Sandra J. Feuerstein, J.
Plaintiff, Mona Leasing, Inc., was involved in an automobile *878 accident on January 12, 1986 with a vehicle owned by Hortis Hartis and driven by Theodores Stefatos. Plaintiff commenced a suit against the owner and driver of the vehicle in Civil Court of Queens County, resulting in a judgment following inquest which was entered against the defendants Hartis and Stefatos on August 5, 1987 in the sum of $4,616.57. Pursuant to Insurance Law § 3420 (a) (2) the plaintiff commenced this action to recover the judgment of the alleged insurer, Travelers Indemnity Co. The matter went to arbitration and defendant sought a trial de novo. This matter was tried on October 5, 1990.
"In a proceeding of this sort, where a hearing is required to determine whether the offending vehicle was insured at the time of the accident, the initial burden is upon the claimant’s insurer to come forward with proof that the offending vehicle was insured. Once a prima facie case is made out, normally by the submission of a Department of Motor Vehicles FS-25 form or similar document, the burden shifts to the offending vehicle’s purported insurer (or where the insurer is not made a party, the claimant), to prove that the vehicle in question was never insured (see Nassau Ins. Co. v Minor, 72 AD2d 576) or that the insurance had been canceled (see Matter of Safeco Ins. Co. [Testagrossa], 67 AD2d 979). Where sufficient evidence is introduced to rebut the prima facie case, the claimant’s insurer must present additional proof of insurance in order to prevail.” (Matter of State Farm Mut. Auto Ins. Co. v Yeglinski, 79 AD2d 1029-1030; emphasis added.)
The sole issue raised by plaintiff for resolution by this court is whether an allegation of insurance contained in a New York State Department of Motor Vehicles form MV-104 is sufficient to shift the burden of proving lack of coverage to the insurer.
Initially, the plaintiff cites section 605 (a) (1) of the Vehicle and Traffic Law, section 66-a of the Public Officers Law and CPLR 4520 in furtherance of its argument that the accident report should be prima facie evidence of insurance coverage. The MV-104 form, however, does not qualify under CPLR 4520 since the form is not "a certificate or an affidavit to a fact ascertained, or an act performed, by [a pubic officer] in the course of his official duty”. Rather, the form is required of "[e]very person operating a motor vehicle which is in any manner involved in an accident, anywhere within the boundaries of this state, in which any person is killed or injured, or *879 in which damage to the property of any one person, including himself, in excess of six hundred dollars is sustained,” who must “within ten days after such accident, report the matter in writing to the commissioner.” (Vehicle and Traffic Law § 605 [a] [1].)
It is therefore unlike a police report which indicates insurance information based upon an insurance identification card and shifts the burden of proof to that named insurer. (Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886.)
Plaintiff further contends that the MV-104 is a “similar document” to the FS-25 form approved by the Yeglinski court and cites several cases for the proposition that the MV-104 form is sufficient to shift the burden to the insurer. These cases are inapposite to the facts of the case.
In Matter of State Wide Ins. Co. v Libecci (104 AD2d 893, 895), the plaintiff met its burden by introducing “the FS-25 form, the M.V. 104 form, and the police report, all indicating that the offending vehicle was insured by All City.”
The FS-25 form is a request for insurance information, submitted to the Department of Motor Vehicles and returned to the applicant with information certified from Department records. The MV-104, in contrast, is a self-serving unverified statement of a party to a motor vehicle accident.
In Nassau Ins. Co. v Minor (72 AD2d 576, 578), also cited by plaintiff, the Appellate Division, Second Department, held that a registration application was “barely adequate” to shift the burden of proof to the named insurer despite the fact that a registration application must be accompanied by proof of financial security. (Vehicle and Traffic Law §312.) The MV-104 is unsupported by additional documentation.
Thus, the MV-104, unlike the registration application, the FS-25 or the police accident report, is unaccompanied by any independent proof of insurance coverage.
Based upon the foregoing, I find that an MV-104 vehicle accident report is, alone, insufficient to establish prima facie insurance coverage and shift the burden of proof to the alleged insurer.
Plaintiff having failed to establish a prima facie case against the defendant, let judgment be entered in favor of the defendant dismissing the action.