■ In the Matter of STATE-WIDE INSURANCE COMPANY, Appellant, v NELLIE VALDES, Respondent.—In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated September 28, 1989, which denied its application, *inter alia,* for a hearing to determine whether the offending vehicle was insured at the time of the accident.

Ordered that the order is affirmed, without costs or disbursements.

While the petitioner State-Wide Insurance Company (hereinafter State-Wide) submitted a registration record printout from the New York State Department of Motor Vehicles which indicated that the offending vehicle was insured under the assigned risk plan, the claimant adduced ample evidence to rebut that document *(see generally, Matter of Nationwide Ins. Co. [Dye], 170 AD2d 683)*. Indeed, the police accident report prepared at the scene does not indicate that any evidence of insurance coverage for the vehicle was exhibited at the scene. Moreover, the claimant submitted two documents from the New York Automobile Insurance Plan which indicate that, despite thorough searches, no record of an assignment of the offending vehicle to an insurer in the assigned risk plan could be located. It is well settled that " '[w]here sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail' " *(Matter of State Wide Ins. Co. v. Libecci,* 104 AD2d 893, 895, quoting *Matter of State*

*Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029). Inasmuch as State-Wide failed to come forward with any additional evidence to challenge the claimant's documentary proof demonstrating that the offending vehicle was uninsured, we find that the Supreme Court properly rejected State-Wide's claim that a hearing on its application for a stay was necessary.

We have considered the petitioner's remaining contention and find it to be without merit. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.