■ In the Matter of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellant, v PIERRE MORTISE et al., Respondents.—In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 16, 1990, which denied the application.

Ordered that the order is affirmed, with costs to the respondent General Accident Insurance Company of America.

Assuming, arguendo, that the petitioner's submission of a police report indicating an insurance code for the offending vehicle satisfied its burden of coming forth with prima facie evidence that that vehicle was insured by General Accident Insurance Company of America (hereinafter GAIC) (see generally, Matter of Peerless Ins. Co. v Milloul, 140 AD2d 346; Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886), this evidence was overwhelmingly rebutted by the proof submitted by the claimant and GAIC. The evidence submitted in opposition to the petitioner's application included a registration record printout, New York State Department of Motor Vehicles forms DP-37 and FS-25, an affidavit of an employee of GAIC, and a notice of cancellation of insurance stamped by the United States Post Office and sent by GAIC to the owner of the offending vehicle. All of these uncontroverted evidentiary submissions clearly refute the petitioner's claim of coverage and amply support the Supreme Court's conclusion that no insurance coverage was in effect with respect to the offending vehicle on the date of the accident (see, e.g., Matter of Nationwide Ins. Co. [Dye], 170 AD2d 683).

The petitioner failed to come forward with additional evidence to raise an issue of fact regarding the question of coverage (see generally, Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893; Matter of State Farm Mut. Auto. Ins. Co. v

*Yeglinski,* 79 AD2d 1029). Thus, the Supreme Court properly denied the application for a stay of arbitration without conducting a hearing *(see, e.g., Matter of State-Wide Ins. Co. v Valdes,* 173 AD2d 624; *Matter of General Acc. Ins. Co. v Fitzgerald,* 112 AD2d 423). Similarly, a hearing was not required to explore the validity of the termination of coverage by GAIC, because the petitioner never alleged the existence of any particular defect in the notice or otherwise advanced any specific challenge to the validity of the termination of coverage. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.