■ In the Matter of GLOBE INDEMNITY COMPANY, Respondent, v BRIAN LAWRENCE, Respondent, ALLSTATE INSURANCE COMPANY, Appellant, et al., Respondent. [620 NYS2d 83] —In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (O'Donoghue), dated March 18, 1993, which, after a hearing, granted the petition and stayed the arbitration.

Ordered that the order is affirmed, with costs to the petitioner-respondent.

At the hearing to determine whether arbitration of Brian Lawrence's uninsured motorist claim should be stayed, the petitioner, Globe Indemnity Company, offered proof (New York State Department of Motor Vehicles form DP-37) that the alleged offending car, owned by Shirley Ann Lodge, was insured by Allstate Insurance Company (hereinafter Allstate). A prima facie case of insurance coverage having been established, the burden of proof shifted to Allstate, as the purported insurer, to prove that the vehicle in question was never insured or that the insurance had been cancelled (see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029; Nassau Ins. Co. v Minor, 72 AD2d 576). The record reveals that Allstate failed to sustain its burden of rebutting the prima facie case presented by the petitioner. The sole witness to testify at the hearing was an underwriter employed by Allstate who had no personal knowledge of and had not participated in the preparation of the computer printouts upon which Allstate based its disclaimer. Moreover, only a portion of the computer printouts upon which Allstate relied were introduced into evidence (see, Matter of Allstate Ins. Co. v Rivera, 148 AD2d 393; see also, Matter of Wausau Ins. Co. v Predestin, 114 AD2d 900, 902), and the records that were introduced into evidence were patently insufficient to overcome the prima facie case submitted by petitioner (see, Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893). Thus, the Supreme Court properly granted the petition and stayed the arbitration. Balletta, J. P., O'Brien, Friedmann and Florio, JJ., concur.