Matter of Government Empls. Ins. Co. v Goines (2024 NY Slip Op 03230)

Matter of Government Empls. Ins. Co. v Goines

2024 NY Slip Op 03230

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Friedman, J.P., Scarpulla, Shulman, Higgitt, JJ. 

Index No. 818854/22 Appeal No. 2499 Case No. 2023-04473 

[*1]In the Matter of Government Employees Insurance Company, Petitioner-Appellant,
v
Shakeem Goines et al., Respondents-Respondents, Elton Lisboa Ferreira Del Melo et al., Proposed Additional Respondents-Respondents.

Law Office of Katie A. Walsh, Melville (Andrew Weber of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for Shakeem Goines and Thiopia Witter, respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about August 1, 2023, which denied the petition for a stay of arbitration, unanimously reversed, on the law, with costs, the petition granted, and the arbitration permanently stayed.
The petition and the annexed exhibits established that, at the time the vehicle that struck respondents was stolen, it had been unlocked and unattended, and the car was running. Thus, petitioner met its burden of establishing a violation of Vehicle and Traffic Law § 1210(a), and that proposed additional respondent Liberty Mutual Insurance Company, which insured the vehicle for those with the owner's permission to operate the vehicle, improperly disclaimed coverage (see e.g. Alvarez v Bivens, 114 AD3d 526, 527 [1st Dept 2014]). Respondents introduced no evidence warranting a hearing on the issue of whether Vehicle and Traffic Law § 1210(a) was violated (see generally Matter of Progressive Ins. Co. v Bartner, 171 AD3d 598 [1st Dept 2019]; see also Matter of State Wide Ins. Co. v Libecci, 104 AD2d 893, 895 [2d Dept 1984]).
We decline to review respondents' unpreserved arguments that petitioner's exhibits were inadmissible, as the failure to raise these arguments before the court deprived petitioner of the opportunity to cure any purported defects (see Greca v Choice Assoc. LLC, 200 AD3d 415, 415-416 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024