William C. Hecht, J.
Plaintiffs have secured judgment against defendant’s assured. Defendant withdrew from the defense of the main case. This action is brought upon a first cause based upon a financial responsibility certificate, a second cause upon the policy, and a third cause upon a claim of estoppel against defendant to assert the defense of noncoverage.
Heretofore the first cause of action has been dismissed upon the ground that the certificate is conditioned upon the policy issued by defendant and cannot form the basis of independent liability. Defendant now moves for summary judgment dismissing the second and third causes.
The accident occurred in the course of the operation by the assured of a car owned by him. The purpose of the Financial Responsibility Act (Vehicle and Traffic Law, art. 6-A) is to forbid the use of roads to certain persons unless they are able to respond in damages in case they cause injury to others. Under a financial responsibility policy, the insurer’s liability to the assured is distinct from its liability to injured third persons, as to whom liability is absolute. However, there must exist a policy covering the risk regardless of whether or not a policy condition has been broken, voiding the contract as between insurer and assured. While defendant covered the assured as an operator, it did not do so in cases of operation of vehicles owned by him.
In such a situation, of course, there is no coverage as between the parties to the policy, and the absolute statutory liability does not arise (Interboro Mut. Ind. Ins. Co. v. Hill, N. Y. L. J., March 29, 1956, p. 6, col. 2).
Section 94-q of the Vehicle and Traffic Law authorizes the issuance of two types of policy: (1) an “Owner’s Policy”, which (subd. [b]) shall designate the motor vehicle or vehicles with respect to which coverage is granted, and (2) an “ Oyer *949 ator’s Policy,” which (subd. [c]) shall insure the person named only as to liability ‘ ‘ arising out of the use by him of any motor vehicle not owned by him ”. Defendant’s policy here was clearly an “ Operator’s Policy ”, not an “ Owner’s Policy ”. Where a person is covered only by an operator’s policy, the certificate filed by his insurer omits the designation of the motor vehicle covered, which is required in the case of an owner’s policy (Vehicle and Traffic Law, § 94-n, subd. [a]). In that event (§ 94-n, subd. [b]), “ No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility ”. The certificate filed by defendant omits all reference to any motor vehicles and states that the policy issued by defendant to its assured is an “ Operator’s Policy ”.
The second cause of action is, accordingly, dismissed.
In respect to the third cause of action, however, a triable issue is presented as to when the defendant acquired knowledge that its assured owned the car involved in the accident. If it continued to defend the action after acquiring such knowledge, it would be estopped from asserting the defense of noncoverage.
For the reasons indicated, the motion is granted as to the second cause of action, and denied as to the third.
Settle order.