■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and WILLIAM D. WILLS, Respondent; SECURITY INSURANCE COMPANY OF HARTFORD, Appellant.—Resettled judgment, Supreme Court, New York County, entered September 9, 1974, permanently staying arbitration between petitioner Country-Wide Insurance Co. and respondent William D. Wills unanimously reversed, on the law and the facts, and the stay of arbitration is denied, without costs and disbursements. In determining the issue of whether insurance was afforded by Security Insurance Company of Hartford to a motor vehicle owned and operated by one Willie Williams allegedly involved in an accident with the motor vehicle operated by William D. Wills so as to require the permanent staying of arbitration between petitioner Country-Wide Insurance Co. and William Wills, the trial court found that "petitioner's evidence established prima facie there was coverage on the FH-1 form and, * * * the respondent Security Insurance Company * * * has not overcome the presumption of regularity." Study of the record discloses that the FH-1 purportedly issued to Willie Williams and pertaining to the year in which the accident occurred was allegedly signed by a Paul Dudley on behalf of Security Insurance Company at its Connecticut office. The secretary of Security Insurance Company testified that a check of the company's records back to 1965 revealed no agent or employee bearing that name. It further appears that the Williams vehicle was a taxicab. According to said secretary, Security Insurance Company did not write insurance for taxicabs on a direct basis; the only policies issued to taxicabs in December of 1970 were those required to be issued through the assigned risk plan of New York State, and such policies would only issue out of Security's East Orange, New Jersey, office. No testimony was adduced that a policy had been issued by Security to Williams. The FH-1 upon which the trial court so heavily relied is not a contract of insurance. It is a certificate of insurance within the ambit of subdivision 5 of section 311 of the Vehicle and Traffic Law and as such is "merely *evidence* that a contract has been issued * * * The [petitioner-respondent herein], in effect, seek[s] to use the certificate of insurance as a basis for independent liability. This cannot be done. The certificate is conditioned upon the issuance and existence of a policy (see *Reese v. Hartford Acc. & Ind. Co.,* 4 Misc. 2d 947, 948, affd. 3 A D 2d 1000)" *(Hill v Johnson,* 35 AD2d 407, 410, mot for lv to app den 28 NY2d 484). Further, grave doubt exists as to whether the FH-1 was in fact issued by Security Insurance Company and no basis has been demonstrated for invoking estoppel against Security. The failure of Security to take any action to cancel the FH-1 filed by Williams under the circumstances presented in the record does not afford a ground for estoppel. Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.