■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v RICHARD ROMERO et al., Respondents, and STATE FARM MUTUAL INSURANCE COMPANY, Appellant. — Order of the Supreme Court, Bronx County (Vincent Bradley, J.), entered on or about June 7, 1984, granting the application of Liberty Mutual Insurance Company to permanently stay arbitration, reversed, on the law, and the motion to stay arbitration denied, with costs.

Yolanda Brown was injured on September 19, 1980 in an automobile accident involving a vehicle owned by Plateau Transportation Corp. (Plateau) and operated by one Flynn, in

which Brown was a passenger, and a vehicle owned and operated by Romero. Plateau was insured by Liberty Mutual Insurance Company (Liberty). Brown, under the uninsured motorist indorsement of Plateau's policy, demanded that Liberty submit her claim to arbitration. Liberty, acting on information received from the Department of Motor Vehicles that its records disclosed that as of July 1, 1980 Romero had been insured by State Farm Mutual Insurance Company, refused to arbitrate and brought this proceeding to permanently stay arbitration. The motion court set the matter down for hearing.

At the hearing, petitioner established the ownership of the offending vehicle and the fact that, as of July 1, 1980, a policy of insurance that had been issued to Romero by State Farm was in effect. State Farm produced a "dead card", indicating that Romero's policy had been canceled effective September 12, 1980, one week before the accident. However, it could not produce the notice of cancellation because it had been stored at its New Jersey warehouse where it had been destroyed by fire in August 1981. It then produced a member of its underwriting department of the assigned risk department, one Daniel Traficante, who testified in detail as to when the notice of cancellation was drawn, its contents and type size, the procedure followed in depositing it in the mail and that, in accordance with such procedures, the notice of cancellation was mailed on August 26, 1980. Both sides then rested.

The hearing court held that the proof offered by State Farm was inadequate to raise a presumption that the notice of cancellation had been mailed. Accordingly, it granted Liberty's motion and stayed arbitration. State Farm appeals.

We are of the opinion that, in the circumstances here presented, the proof presented by State Farm was sufficient to raise a presumption that the notice of cancellation had been properly addressed and properly mailed to Romero on August 26, 1980 to become effective on September 12, 1980 (*Nassau Ins. Co. v Murray,* 46 NY2d 828). Accordingly, it became the obligation of Liberty to come forward and rebut the presumption. Since it did not do so, its application to stay arbitration was improperly granted.

*Anzalone v State Farm Mut. Ins. Co.* (92 AD2d 238), relied on by Liberty, is not to the contrary. There the policy of insurance was financed by a bank. Thus, cancellation was under Banking Law § 576 rather than, as here, under Vehicle and Traffic Law § 313. While the mailing requirements in the two statutes are quite similar, in *Anzalone* there had been no destruction of the records. To establish the fact of mailing, the bank representative

testified to office practice and a mailing list containing the insured's name was offered to establish the fact of mailing. However, there was no proof that the notices had been checked against the mailing list. For that reason, proof of mailing was held inadequate. In the case at bar Traficante testified that there were written guidelines for the handling of mail and that each of the mailing room employees was familiar with the guidelines; that pursuant thereto it was the practice that a receipt be obtained from the Post Office Department reflecting the names and addresses of the persons to whom the cancellation notices were mailed. Those receipts had been kept together with the cancellation notices and were destroyed with them in the fire. Thus, the issue upon which *Anzalone* hinged is not present in this case. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.