(June 17, 1986)

■ In the Matter of AETNA CASUALTY & SURETY COMPANY,

Respondent, v MICHAEL DIXON et al., Respondents, and STATE FARM MUTUAL INSURANCE Co., Appellant.—Order, Supreme Court, New York County (Bowman, J.), entered February 6, 1985, which granted the petition of Aetna Casualty & Surety Co. to permanently stay arbitration, is unanimously reversed, on the law and the facts, without costs, the stay of arbitration vacated and petitioner-respondent Aetna Casualty & Surety Co. is directed to proceed to arbitration.

This proceeding stems from an accident that occurred on September 19, 1982 in which respondent Michael Dixon, a pedestrian, was struck and injured by a motor vehicle owned by one Ann Strulowitz. After initial inquiries indicated that both the vehicle and driver were uninsured at the time of the accident, Dixon made a demand for arbitration pursuant to the uninsured motorist indorsement of a policy issued by petitioner Aetna Casualty & Surety Co. (Aetna) under which Dixon was covered. Aetna thereafter instituted the instant proceeding for a stay of arbitration on the ground that its investigation revealed that the offending vehicle was insured by the Hartford Accident and Indemnity Co. (Hartford). While respondent Dixon's answering papers rebutted that assertion by way of a letter from Hartford showing a cancellation of the policy prior to the date of the accident, Aetna's reply papers countered with the argument that this did "not prove that no coverage existed" and further asserted that additional information had been received from the Department of Motor Vehicles indicating that State Farm Mutual Insurance Co. (the appellant herein), as well as Hartford, insured the vehicle involved at or near the date of the accident. The only documentary evidence submitted by petitioner Aetna on the motion for a stay was an FS-25 form received from the Department of Motor Vehicles, dated January 19, 1984, which named State Farm Mutual Insurance Co. as the insurance company for the vehicle in question on the date of its last registration which was "issued 4-19-82".

The motion was granted to the extent of directing a trial on the issue of whether the offending vehicle was insured at the time of the accident and, if so, by whom, and further directed that Hartford and State Farm Mutual be added as additional parties respondent.

At the trial, counsel for Aetna conceded that Hartford had validly canceled its policy on the vehicle prior to the date of the accident and the action against Hartford was dismissed, with the trial continuing solely on the issue of whether or not

the vehicle was covered by State Farm on the date of the accident.

In support of its contention that State Farm covered the vehicle at that time, petitioner Aetna introduced into evidence the FS-25 form previously described and two conflicting DP-37 forms from the Department of Motor Vehicles, one dated January 23, 1984 and the other dated October 8, 1982. While both of the DP-37 forms contain identical information as to the description of the vehicle, its owner, and the registration date of April 19, 1982, they differ as to the name of the insurer and the "print" date when the particular report was issued, with the earlier dated report (Oct. 8, 1982) listing Hartford as the insurer and the later dated report (Jan. 23, 1984) listing State Farm as the insurer. The latter form also refers to a plate surrender date of "5/02/83". Both parties conceded that the Hartford policy was canceled effective July 20, 1982, some two months before the accident. Thus, at the end of petitioner's case, the court had before it evidence that the vehicle had been insured at the time of registration by Hartford but that that policy had been canceled on July 20, 1982 and, in addition, there was evidence indicating that the vehicle was also insured by State Farm at the time of registration leading to the unlikely conclusion that the vehicle was insured by two different companies on the registration date.

After the court reserved decision on the motion to dismiss, respondent State Farm presented the testimony of Mr. Napoli, its underwriting supervisor for the automobile insurance plan business assigned to State Farm in New York and New England. He testified that the Strulowitz vehicle first became insured with State Farm on September 24, 1982, some five days after the accident, as an assigned risk, and Ms. Strulowitz's application for such insurance, dated September 23, 1982, was entered as an exhibit. Mr. Napoli also testified that, on December 14, 1984, he had made a search of all State Farm records for the State of New York, both active and inactive files, for the previous 10 years, and had found that the only policy issued to Ms. Strulowitz was the assigned-risk policy effective September 24, 1982, after the accident had occurred.

On this record, we find that Special Term erred when it found that State Farm had not sufficiently refuted that it had insured the vehicle in question on the date of the accident.

While the proof at the end of petitioner Aetna's case was equivocal at best, the fact that two Department of Motor Vehicle forms indicated that State Farm covered the vehicle

at the time of its registration in April 1982 was sufficient to shift the burden to State Farm to produce proof that it did not insure the vehicle on September 19, 1982, the date of the accident. *(See, Matter of Country-Wide Ins. Co. [Leff],* 78 AD2d 830; *Nassau Ins. Co. v Minor,* 72 AD2d 576.)*

The testimony of Mr. Napoli, supported by the record of his computer search, and the proof indicating that State Farm had been assigned to the risk five days *after* the accident upon an application by Ms. Strulowitz, also executed after the accident, were more than sufficient to overcome and rebut Aetna's inconclusive showing of insurance coverage by State Farm at the time of the accident. *(See, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029; *Nassau Ins. Co. v Minor, supra.)* At that juncture, in light of the sufficiency of State Farm's rebuttal evidence, it was incumbent upon petitioner Aetna to present additional evidence of insurance in order to prevail on that issue. It wholly failed to do so, and since the record does not reveal that the Strulowitz vehicle was otherwise insured on the date of the accident, it was improper to grant Aetna's application for a stay of arbitration. *(See, Matter of Liberty Mut. Ins. Co. v Romero,* 109 AD2d 712; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, supra; Matter of Utica Mut. Ins. Co. [Bodie—Nationwide Mut. Ins. Co.],* 100 AD2d 592.) Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.