■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v MARIA RIVERA et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Michael Dontzin, J.), entered on or about January 22, 1988, which denied and dismissed the petition of appellant Allstate Insurance Company (Allstate) to stay arbitration, unanimously reversed, on the law, the petition reinstated, and the matter remanded for a hearing on the issue of the insurance coverage of respondent Prudential Property & Casualty Insurance Company (Prudential), without costs.

On August 5, 1986, a motor vehicle operated by respondent Maria Rivera was involved in an accident with one operated by Danilo Fernandez. Rivera's automobile was insured under a policy issued to Bernardo Rivera by Allstate. The second vehicle was owned by Nicodermo Urbina and, according to the New York State Department of Motor Vehicles registration plate record, commonly referred to as the FS-25 form, was insured by Prudential. On file with the Department of Motor Vehicles was Prudential's New York State insurance identification card indicating that policy number 183XO95738 was in effect for Nicodermo Urbina's automobile during the period commencing May 30, 1986 and expiring May 30, 1987.

On October 30, 1986, Ms. Rivera was advised by Prudential that the claim she had filed under policy number 183X095738 would not be honored because Prudential had no record of a policyholder by the name of Nicodermo Urbina, and because the policy number provided was not used by Prudential during the policy period cited. In light of this information, Ms. Rivera filed a demand for arbitration pursuant to the uninsured motorist provision of the policy issued by Allstate to Bernardo Rivera. It is from the denial and dismissal of Allstate's petition to stay arbitration that this appeal is taken. We reverse.

In these circumstances, it was Allstate, the claimant's insurer, which bore the initial burden of going forward to show that the offending vehicle was insured. *(Matter of State Wide*

*Ins. Co. v Libecci,* 104 AD2d 893.) This burden was satisfied with the production of the FS-25 form, which has been held sufficient to make out a prima facie case of coverage, and thereby shift the burden to the offending vehicle's purported insurer. *(Matter of State Wide Ins. Co. v Libecci, supra.)* Thus, it was incumbent upon Prudential to either prove that it had never insured the Urbina vehicle or that the insurance had been canceled. *(Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029.)

Prudential's proof consisted of an affirmation from an attorney with no personal knowledge, a handwritten memorandum from a Prudential employee stating, in conclusory fashion, that its records did not reflect a policyholder named Nicodermo Urbina, and a similarly conclusory letter from a second Prudential staff member, stating that the policy number in question was not used by Prudential during the policy period cited in the insurance identification card. These items, which essentially amount to a denial, did not constitute probative evidence and were, therefore, insufficient to overcome the prima facie case of coverage presented by Allstate. *(See, Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900, 902.)

Accordingly, it was error for the court to deny and dismiss Allstate's petition to stay arbitration. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Smith, JJ.