■ In the Matter of the Arbitration between GENERAL ACCIDENT INSURANCE Co., Respondent, and JOSEPH LaMOTTA et al., Respondents, and CITY INSURANCE COMPANY, Appellant.—Or-

der, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 20, 1988, which granted the motion of petitioner General Accident Insurance Co. for a permanent stay of arbitration and further determined that the additional respondent City Insurance Company was the insurance carrier for additional respondent Robert Wallendorf and had coverage in force at the time of the accident on December 16, 1984, unanimously reversed, on the law and the facts, the motion for a permanent stay of arbitration denied and the determination of insurance coverage for Wallendorf vacated, with costs.

The question raised by this appeal is whether the evidence presented by City Insurance at a hearing was sufficient to overcome the presumption that it was the insurer of a motor vehicle as evidenced by an FS-25 form prepared by the New York State Department of Motor Vehicles and a temporary insurance identification card.

On December 16, 1984 respondent MacGregor, while operating a vehicle owned by respondent Wallendorf, became involved in an accident with respondent Joseph LaMotta (LaMotta). LaMotta, believing that Wallendorf was uninsured, made a claim to General Accident Insurance Company under the uninsured motorist endorsement of his policy with General. Thereafter, LaMotta demanded arbitration with General on the uninsured motorist issue. Following receipt of the demand for arbitration, General moved in the Supreme Court for a stay of arbitration, alleging in substance that City was the insurer of Wallendorf's vehicle on the date of the accident. Hearings were held on February 19 and 29, 1988 on the issue of whether City insured the Wallendorf vehicle at the time of the accident.

At the hearing, LaMotta testified that on the date of the accident the driver of the offending vehicle produced what appeared to be an insurance identification card. In conjunction with this testimony, General introduced a temporary New York State insurance identification card which indicated that City Insurance Company, code number 602, was the insurer of the subject vehicle effective "September 17, 1984". The card bore the name John C. Gueryeu of Brooklyn as the agent issuing the card. General also introduced a request for insurance information, form FS-25, issued by the State Department of Motor Vehicles. The FS-25 listed City Insurance Company as the insurer of the vehicle with a notation that the policy was issued on the date of the vehicle's last registration, "September 19, 1984". A police officer who was at the scene of the accident testified that his records indicate that no sum-

mons was issued to the driver of the subject vehicle for failing to produce insurance information.

City called as a witness the supervisor of its underwriting department, Ms. Gabrielle Baines, who had been with the company for 16 years. Ms. Baines testified (1) that City Insurance and Home Insurance Company, for which she was directly employed, were part of the same group of insurance companies and that she handled underwriting for both companies; (2) that City insured only mass merchandising accounts such as credit unions, the employees of Allied Company in Florida and General Motors employees; (3) that during the past 16 years City had dealt with only one broker, Frank B. Hall of Detroit; and (4) that from 1980 through February of 1988 there had been no new insureds added to City's insurance rolls and that during this period neither MacGregor nor Wallendorf was insured by City. Ms. Baines produced a list, which was entered into evidence, containing the names of each individual insured by City from 1980 through February 1988. She stated that City's lists of insureds are updated monthly and that the list in evidence had been checked against prior lists through September of 1984 and that neither the names of MacGregor nor Wallendorf appeared on such lists.

During the cross-examination of Ms. Baines the attorney for General asked the court to take judicial notice of section 5301 of the New York Insurance Law which requires all insurers in New York to write motor vehicle insurance submitted to them through the assigned risk plan. However, City established through Ms. Baines that any insurance coverage issued under the assigned risk plan, regardless of the insurer, is given the code number 166, while the code number on the temporary insurance identification card, allegedly issued to Wallendorf, was 602. The attorney for City further pointed out that there was nothing in evidence to indicate that Wallendorf had been assigned to City through the New York State assigned risk plan.

The hearing court found that the temporary insurance identification card and form FS-25 were prima facie proof that the offending vehicle was covered by City on the date of the accident. The court further found that City had failed to rebut the presumption raised by the above-referenced documents, principally because Ms. Baines' testimony did not provide details as to how the lists of insureds were generated.

We disagree.

General's presentation of the FS-25 form and identification card was sufficient to raise a question of fact as to the existence of insurance coverage on the Wallendorf vehicle so as to warrant a hearing. *(Matter of Aetna Cas. & Sur. Co. [Mari],* 102 AD2d 772 [1st Dept 1984].) By introducing the FS-25 form and identification card at the hearing, General made a prima facie showing of coverage by City. The burden then shifted to City to overcome the presumption of regularity created by such documents by proving that the vehicle was not insured by it or that insurance had been canceled. *(Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900, 902 [2d Dept 1985].)

Contrary to the finding of the hearing court, City successfully overcame the presumption of coverage raised by the production of the FS-25 form and identification card through the testimony of Ms. Baines and the introduction of its list of insureds. *(See, Matter of Country-Wide Ins. Co. [Wills—Security Ins. Co.],* 51 AD2d 701 [1st Dept 1976], *affd* 41 NY2d 835 [1977].)

In the instant case, the supervisor of City's underwriting department testified that City's records indicated that neither MacGregor nor Wallendorf was an insured of City. No testimony was offered by petitioner General that a policy was actually issued by City Insurance to either Wallendorf or MacGregor. In addition, there is grave doubt as to the validity of the temporary insurance identification card issued by a broker who, according to City's witness, was never authorized to write its insurance. The temporary insurance identification card was not a contract of insurance but merely evidence of one's existence. The difference in the effective dates listed on the FS-25 (Sept. 19, 1984) and on the temporary insurance identification card (Sept. 17, 1984) raises a further question as to the existence of a policy.

Finally, the unrefuted testimony of Ms. Baines was that City Insurance Company issued insurance only to members of credit unions, employee groups and similar mass merchandising accounts and that the list compiled by her company covering 1980 through 1988 reflects that no policy was issued either to Wallendorf or MacGregor. No testimony was presented by the petitioner to show that either Wallendorf or MacGregor was even a member of an eligible group. Concur—Carro, J. P., Milonas, Wallach and Smith, JJ.