■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and YALMA HOLMES et al., Respondents. ATLANTIC MUTUAL INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (William Davis, J.), entered November 1, 1990, which granted Allstate Insurance Company's petition to permanently stay arbitration pursuant to CPLR 7503 (b) and denied respondent Atlantic Mutual Insurance Company's motion to dismiss the petition, unanimously reversed, on the law and the facts, without costs, the petition dismissed and the parties directed to proceed to arbitration.

Petitioner Allstate Insurance Company insured the vehicle owned by respondent Cathy Simpson in which she was a passenger and respondent Yalma Holmes was the operator when it was involved in a collision with an automobile registered to respondent Joseph Connell. Simpson and Holmes filed a claim pursuant to the uninsured motorist provision of Allstate's policy, seeking recovery for personal injuries sustained in the accident. Allstate moved to permanently stay arbitration, asserting that the Connell vehicle was insured by respondent Atlantic Mutual Insurance Company and that Simpson and Holmes had therefore failed to establish a condition precedent to arbitration of a claim under New York's Motor Vehicle Accident Indemnification coverage (Insurance Law § 5201 *et seq.).*

Supreme Court held a hearing regarding the insured status

of the Connell automobile, at which the court received into evidence the police report of the accident and a Department of Motor Vehicles form DP-37, indicating that the vehicle was registered several days prior to the accident and was insured by Atlantic Mutual at that time. Joseph Connell then testified that he had submitted no application for automobile insurance coverage to Atlantic Mutual but had simply paid $800 to "a guy I really didn't know," for which he received an insurance identification card. Testimony was also heard from Rick Pullman, an underwriting manager for Atlantic Mutual, who stated that several searches of the company's computer records indicated no automobile insurance policy, including assigned-risk policy, had ever been issued to a Joseph Connell or anyone having a similar name.

Initially, the burden of going forward with proof rests upon the claimant's insurer to establish that the offending vehicle was covered by a valid policy of insurance *(Matter of Allstate Ins. Co. v Rivera,* 148 AD2d 393; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029). The documentary evidence submitted by Allstate in this case was sufficient to shift the burden of going forward with the proof to Atlantic Mutual. However, the testimony of Joseph Connell to the effect that no application for insurance coverage was ever completed by him, together with the testimony of Atlantic Mutual's underwriting manager that no record of any policy of insurance issued to Connell could be located, was sufficient to shift the burden back to Allstate to come forward with additional evidence of the insured status of the Connell vehicle in order to support its entitlement to a permanent stay of arbitration *(Matter of Aetna Cas. & Sur. Co. v Dixon,* 121 AD2d 256, 258; *compare, Matter of Allstate Ins. Co. v Rivera, supra).* Allstate failed to meet its burden. Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.