■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v MUHAMMET KARADAG, Respondent, and COUNTRY WIDE INSURANCE COMPANY, Appellant. [614 NYS2d 24] —In a proceeding to permanently stay arbitration of an uninsured

motorist claim, Country Wide Insurance Company appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated September 18, 1992, which, after a hearing, granted the petition.

Ordered that the order is reversed, on the law, with costs, the application is denied, and the petitioner is directed to proceed to arbitration.

The underwriting manager of the appellant, Country Wide Insurance Company, testified that five separate searches of the company's records revealed no evidence that any policy of insurance had ever been issued to the individual in question. Documentary evidence presented by the appellant corroborated this testimony. We have previously held that such evidence is sufficient to overcome a petitioner's prima facie showing of coverage, which in the present case consisted of a copy of the police report identifying the offending vehicle as having been insured by the appellant and a copy of the Department of Motor Vehicles Registration Plate Record (see, Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.], 170 AD2d 683). It is well settled that where sufficient evidence is introduced to rebut the prima facie case, the claimant's insurer must present additional proof of insurance in order to prevail (Matter of State-Wide Ins. Co. v Valdes, 173 AD2d 624). Since the petitioner failed to overcome the appellant's rebuttal of its prima facie case, its motion to stay arbitration was improperly granted. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.