■ In the Matter of the Arbitration between AMERICAN TRANSIT INSURANCE COMPANY, Respondent, and ELIE GLAUDE, Respondent. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [617 NYS2d 7] —Order and judgment (one paper), Supreme Court, New York County (Stuart Cohen, J.), entered on or about June 16, 1993 which, inter alia, ordered and adjudged that State Farm was the insurer of the alleged uninsured motor vehicle owned by a non-party to this proceeding, unanimously reversed to the extent appealed from, on the law and the facts, without costs.

In a proceeding to determine an uninsured motorist claim, proof of insurance offered by a claimant's insurer in the form of a Department of Motor Vehicles DP-37 form ("DMV DP-

37") is sufficient *prima facie* evidence of coverage to shift the burden of going forward with proof to the company disclaiming coverage *(see, Matter of Allstate Ins. Co. [Holmes],* 173 AD2d 260; *Matter of Aetna Cas. & Sur. Co. v Dixon,* 121 AD2d 256). Where the disclaiming company comes forward with sufficient proof, which may consist of testimony that no record of any policy of insurance issued could be located *(Matter of Allstate Ins. Co. [Holmes], supra);* or that an exhaustive search of company files disclosed that no policy of insurance was ever issued to the offending vehicle *(Matter of Nationwide Ins. Co. [Dye],* 170 AD2d 683); or as to its list of insureds *(Matter of General Acc. Ins. Co. [LaMotta],* 149 AD2d 322, 325), the burden of proof shifts back to the claimant's insurer to come forward with additional evidence of coverage *(Matter of Allstate Ins. Co. [Holmes], supra; Matter of Aetna Cas. & Sur. Co. v Dixon, supra).*

The hearing court erred when it deemed introduction of the DMV DP-37 by claimant's insurer conclusive evidence of coverage, thereby failing to properly credit the disclaiming company's rebuttal evidence that an exhaustive search was made and no policy could be located. Claimant's insurer's failure to meet its burden of coming forward with additional evidence to demonstrate that a policy of insurance was issued for the offending vehicle should have resulted in a finding in favor of State Farm, the disclaiming company, on this issue. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.