■ IRENE BROGAN, Respondent, v NEW HAMPSHIRE INSURANCE COMPANY, Appellant. [673 NYS2d 156] —In an action pursuant to Insurance Law § 3420, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Miller, J.), which, after a nonjury trial, awarded judgment to the plaintiff, and (2) a judgment of the same court, dated May 20, 1997, which is in favor of the plaintiff and against it in the principal sum of $500,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff's proof at trial, which consisted of registration record expansions and registration plate records obtained from the Department of Motor Vehicles (hereinafter the DMV), revealed that the vehicle which had been involved in an accident with the plaintiff was owned by Solid State Communications (hereinafter Solid State) and had been registered with an insurance certificate bearing insurance code number 235, the number assigned by the DMV to the defendant from 1988 to 1995. The plaintiff's proof that the defendant was the insurer of the Solid State vehicle at the time of the accident additionally included a police accident report which also indicated that the insurer for Solid State's truck was assigned insurance code number 235.

A prima facie case of insurance coverage having been established by the submission of the police report as well as the DMV records (*see, Matter of Eagle Ins. Co. v Olephant,* 81 .

AD2d 886), the burden of proof shifted to the defendant, as the purported insurer, to prove that the vehicle in question was never insured or that the insurance had been cancelled (*see, Matter of Globe Indem. Co. v Lawrence,* 210 AD2d 334). The defendant's evidence, consisting of the deposition testimony of the claims representative for the defendant, was insufficient to rebut the plaintiff's prima facie case as the defendant only conducted a name search and failed to cross-reference the name of the purported insured with other information available to the defendant at the time the searches were conducted (*see, Matter of Globe Indem. Co. v Lawrence, supra; Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979).

The defendant's remaining contentions are without merit. Miller, J. P., Thompson, Joy and McGinity, JJ., concur.