■ In the Matter of the Arbitration between INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant, and MICHAEL GINTY et al., Respondents, et al., Respondent. [742 NYS2d 831] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 17, 2001, which, after a framed-issue hearing directed by another justice, denied petitioner insurer's application to stay an uninsured motorist arbitration demanded by respondent claimant after additional respondent insurer denied that it ever insured either the offending vehicle or additional respondent offending driver, and dismissed the petition, unanimously affirmed, without costs.

Petitioner failed to make a prima facie showing that the offending vehicle was insured by the additional respondent insurer (see, Matter of Allstate Ins. Co. [Holmes], 173 AD2d 260, 261). The documents on which petitioner relies in this regard—a temporary insurance card issued to the offending driver and a police report listing the additional respondent insurer's insurance code, both attached to petitioner's initial

papers in support of the application, and a Department of Motor Vehicles registration record expansion, referred to as a "plate search," attached to the claimant's papers in opposition to the application—were not offered into evidence at the framed-issue hearing, and thus properly not considered by the hearing court. We reject any suggestion that the motion court's decision directing a framed-issue hearing and temporarily staying arbitration was binding on the hearing court as to whether petitioner had established a prima facie case. Submissions on motions often contain inadmissible documents, and a trial court is not obliged to notice documents not offered into evidence. In any event, were we were to consider these documents and find that they satisfy petitioner's prima facie burden of showing the existence of insurance, we would find no basis to disturb the hearing court's finding, largely one of credibility, that the additional respondent insurer performed an exhaustive search of its records but found no policies ever issued to the offending driver or covering the offending vehicle. We would also note petitioner's refusal of the hearing court's offer of an adjournment so as to enable it to make its own search of the additional respondent insurer's records. In these circumstances, we would conclude that the testimony of the additional respondent insurer's employee concerning her search for a policy shifted the burden of showing the existence of a policy back to petitioner, which offered no additional evidence in that regard (*see, Matter of American Tr. Ins. Co. [Glaude]*, 208 AD2d 376). Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.