In the Matter of HIGHLANDS INSURANCE COMPANY, by its t/p/a COUNTRY-WIDE MANAGEMENT SERVICES, Respondent, v FRANKLIN JOSE BAEZ et al., Respondents, and PUBLIC SERVICE MUTUAL INS. Co., Appellant. [795 NYS2d 4]—

Order, Supreme Court, New York County (Robert D. Lipp-

mann, J.), entered June 2, 2004, which granted petitioner's application to stay an uninsured motorist arbitration demanded by respondent claimant upon a finding, made after a framed-issue hearing, that respondent-appellant insured the offending vehicle on the date of the accident, unanimously affirmed, with costs in favor of petitioner Highlands Insurance Company, payable by appellant.

Petitioner made a prima facie showing of coverage with a Department of Motor Vehicles FS-25 form listing appellant as the insurer (*see Matter of Eagle Ins. Co. v Tichman*, 185 AD2d 884, 886 [1992]; *Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330 [2001]). Appellant attempted to rebut this showing with the testimony of an employee that a computer search of appellant's records, using the policy number and name of the offending vehicle's owner as listed in the police report provided by the claimant, failed to turn up an auto policy insuring a person by that name and several variants thereof. This was less than the "exhaustive search" required to shift the burden back to petitioner to produce additional evidence of coverage (*cf. Matter of American Tr. Ins. Co. [Glaude]*, 208 AD2d 376, 377 [1994]). No reason appears why appellant did not also search its records for the owner's address and telephone number, or the offending vehicle's model type and license plate number, all information that was provided in the police report and typically provided in insurance applications and entered into appellant's computer (*cf. Matter of State Wide Ins. Co. v Libecci*, 104 AD2d 893 [1984]). Nor did appellant attempt to locate the owner by telephone or letter or compel her appearance at the hearing. Instead, at a very late stage of the hearing, appellant protested the FS-25 to the Department of Motor Vehicles (DMV), but the hearing court properly refused to hold the proceeding in abeyance pending the DMV's response on the ground that the protest should have been made earlier. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.