■ In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v EDUARDO A. MACHADO et al., Respondents, ALL-

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Allstate New Jersey Insurance Company appeals from an order of the Supreme Court, Kings County (George, J.H.O.), dated June 23, 2005, which, after a hearing, granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the petitioner is directed to proceed to arbitration.

The petitioner commenced this proceeding to permanently stay arbitration of an uninsured motorist claim, arguing that the offending vehicle was covered by an automobile insurance liability policy issued by either the appellant or Metropolitan Property and Casualty Insurance Company. A framed-issue hearing was held at which the appellant presented the testimony of one of its underwriters who detailed the name, address, and vehicle searches she conducted to determine if the appellant insured the offending vehicle at the time of the accident. Computer printouts corroborating the search results were also admitted into evidence.

This evidence of an exhaustive search of the appellant's records disclosing that no policy of insurance was ever issued to the offending vehicle was sufficient to rebut the petitioner's prima facie showing of coverage (*see Matter of New York Cent. Mut. v Coriolan,* 5 AD3d 493 [2004]; *Matter of American Tr. Ins. Co. [Glaude-State Farm Mut. Auto. Ins. Co.],* 208 AD2d 376, 377 [1994]; *Matter of Allstate Ins. Co. v Karadag,* 205 AD2d 531, 532 [1994]; *Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.],* 170 AD2d 683 [1991]). To the extent that the Appellate Division, First Department's decision in *Matter of Highlands Ins. Co. v Baez* (18 AD3d 238 [2005]) can be read to hold that the appellant was required to attempt to locate the owner of the offending vehicle by telephone or letter or to compel her appearance at the hearing, we decline to follow it. It is properly the burden of the insurer for the claimant seeking uninsured motorist coverage, not the disclaiming insurance company, to produce this type of additional evidence of coverage

once sufficient evidence, i.e., the "exhaustive search," is introduced to rebut the prima facie case (*see Matter of American Tr. Ins. Co. [Glaude-State Farm Mut. Auto. Ins. Co.], supra* at 377; *Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893 [1984]; *Matter of New York Cent. Mut. v Coriolan, supra*). Since the petitioner did not submit any additional proof of insurance coverage following the appellant's rebuttal of its prima facie case, the hearing court improperly granted the petition to stay arbitration (*see Matter of Allstate Ins. Co. v Karadag, supra; Matter of New York Cent. Mut. v Coriolan, supra*). Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.