■ Diane Marsala, Appellant, v Travelers Indemnity Company, Respondent. [855 NYS2d 669]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated September 14, 2007, which denied her motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In 2002 the plaintiff was struck by a truck owned by nonparty 3-D Transport of South Jersey (hereinafter 3-D Transport), and

driven by its employee, nonparty Dennis A. Gunter. Following her commencement of a personal injury action against 3-D Transport and Gunter, and their nonappearance, the plaintiff obtained a default judgment in the sum of $126,600 against Gunter. The plaintiff then commenced this action pursuant to Insurance Law § 3420 (a) (2) against the defendant, the alleged insurer of 3-D Transport, to recover the unsatisfied judgment, and moved for summary judgment.

The defendant cross-moved for summary judgment dismissing the complaint, alleging that the subject policy did not provide insurance coverage to 3-D Transport or Gunter. The Supreme Court denied the motion and granted the cross motion.

Insurance Law § 3420 (a) (2) provides that "in case judgment against the insured . . . shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may . . . be maintained against the insurer" (see Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]; Eagle Ins. Co. v Ortega, 251 AD2d 282, 283 [1998]).

In support of her motion for summary judgment, the plaintiff sufficiently established her entitlement to judgment as a matter of law against the defendant by demonstrating her compliance with the requirements of Insurance Law § 3420 (a) (2) (see Brogan v New Hampshire Ins. Co., 250 AD2d 562, 562-563 [1998]). In opposition, the defendant raised a triable issue of fact as to the existence of coverage for the tortfeasor under the particular policy relied upon by the plaintiff (see Matter of New York Cent. Mut. v Coriolan, 5 AD3d 493 [2004]; Matter of American Tr. Ins. Co. [Glaude—State Farm Mut. Auto. Ins. Co.], 208 AD2d 376, 377 [1994]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Therefore, the plaintiff's motion for summary judgment was properly denied.

However, contrary to the Supreme Court's conclusion, the defendant failed to establish its entitlement to summary judgment by conducting an "exhaustive search" of the tortfeasors' names in the company's records (Matter of Travelers Indem. Co. v Machado, 28 AD3d 569, 570 [2006]; see Matter of Highlands Ins. Co. v Baez, 18 AD3d 238, 239 [2005]; Matter of New York Cent. Mut. v Coriolan, 5 AD3d 493 [2004]; Brogan v New Hampshire Ins. Co., 250 AD2d at 563; Matter of Allstate Ins. Co. v Karadag, 205 AD2d 531, 532 [1994]). Accordingly, the defendant's cross motion for summary judgment dismissing the complaint should have been denied. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.